TEXAS EMPLOYMENT COMMISSION, et al, Appellants,

v.

SOUTHSIDE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 04–88–00543–CV.

Court of Appeals of Texas, San Antonio.

July 12, 1989.

Rehearing Denied Aug. 21, 1989.

734

Anthony Aterno, Asst. Atty. Gen., Austin, for appellants.

John T. Fleming, Austin, William T. Armstrong, III, San Antonio, for appellee.

Before BUTTS, CARR and STEPHENS,[1] JJ.

OPINION

STEPHENS, Justice (Retired).

This appeal is from a summary judgment reversing a decision of the Texas Employment Commission to award unemployment compensation benefits to Albert A. Sendejo, a substitute teacher for the Southside Independent School District, upon its determination that Sendejo was involuntarily separated from his duties as a substitute teacher for reasons other than misconduct.

In two points of error, the Commission contends that first, the trial court erred as a matter of law, because the Texas Employment Commission's initial decision was supported by substantial evidence. Second, that the trial court erred because Southside was not entitled to judgment as a matter of law on the issue of whether Sendejo was separated from employment for reasons other than misconduct and was "totally unemployed" as defined in the Texas Unemployment Compensation Act, TEX. REV.CIV.STAT.ANN. art. 5221b–17(*l*) (Vernon 1987).

We disagree with the Commission's contentions, and, accordingly, we affirm the judgment of the trial court.

On January 26, 1987, Albert A. Sendejo was employed by Southside Independent School District as a substitute teacher on an "on-call" basis, meaning that when a full-time teacher was absent, Southside had the option to call either Sendejo or any other substitute teacher to fill-in for the absent full-time teacher. As set forth in Sendejo's brief, at the conclusion of each assignment, he had no expectation or knowledge of further employment until receiving another call from Southside. Furthermore, Sendejo was not required to accept all assignments, nor was Southside obligated to provide Sendejo with any specific number of hours of work.

The record reflects that Sendejo worked approximately forty days from the date he was hired, until April 16, 1987, the last day he accepted employment. It further shows that in mid-April Sendejo, for personal reasons, began rejecting calls from various school principals within the district, and on April 29, 1987, he filed a successful claim for unemployment with the Texas Employment Commission. Furthermore, perhaps more significant than any other single fact, the record conclusively shows that Southside and Sandejo both testified that he was still employed by Southside Independent School District as a substitute teacher under the same terms and conditions as his original employment.

In addressing point of error number one, we agree with the Commission's argument that decisions of the Texas Employment Commission, on appeal to the district court, are governed by the substantial evidence rule, and that the issue before the district court is whether the evidence shows facts in existence at the time of the Commission's decision which reasonably support the Commission's decision. This is a question of law and the reviewing court cannot substitute its judgment for that of the Commission. The substantial evidence test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion reached by the agency. In determining whether there is substantial evidence, the reviewing court may not substitute its judgment for the Board's, but must consider only the record upon which the decision is based. *Texas State Bd. of Dental Examiners v. Size-*

1. The Honorable Bill J. Stephens, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

*more,* 759 S.W.2d 114, 116 (Tex.1988); *cert. denied,* —— U.S. ——, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); *Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). We believe that the present case presents only a question of law. The undisputed facts show that Sendejo was still an employee of Southside, and thus was not unemployed within the meaning of the act. In *Nelson v. Texas Employment Comm'n,* 290 S.W.2d 708, 710 (Tex.Civ.App.—Galveston 1956, writ ref'd), the court held that actions to review decisions of the employment commission are governed by the substantial evidence rule; but where all facts are stipulated, the sole question presented is whether such undisputed facts support the decision of the Commission, and that question is purely one of law. Although the facts of employment were not stipulated, they were conclusively shown to be without dispute. Thus, we conclude that the undisputed facts do not reasonably support the Commission's decision to award compensation for Sendejo's unemployment. Point of error number one is overruled.

In point of error number two, the Commission asserts that one of the controlling issues is whether Sendejo was unemployed within the meaning of Article 5221b–17(*l*) during the period of time when he performed no services and received no wages.

 Although the term, unemployed, is not defined in the Texas Unemployment Compensation Act, it should be given a reasonable, common sense interpretation, in keeping with the legislative intent and to avoid injustice or absurd consequences. *See McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 921 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Martinez v. Texas Employment Comm'n,* 570 S.W.2d 28, 32 (Tex.Civ.App.—Corpus Christi 1978, no writ). Moreover, as held in *Sayre v. Mullins,* 681 S.W.2d 25, 27 (Tex.1984), in determining the meaning of words in an act, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction.

Webster's Dictionary defines unemployed as "not being used; not engaged in a gainful occupation; out of work," and defines unemployment as "involuntary idleness of a worker seeking work at prevailing wages." WEBSTER'S DICTIONARY 2493 (3d ed. 1981). Thus, we conclude that the term, unemployed, for the purposes of the Texas Unemployment Compensation Act, means that the employer-employee relationship is terminated. It does not include instances in which the employee is merely idle during the existence of the employment relationship.

We conclude that Sendejo, under the undisputed evidence, was still employed, and that to hold otherwise would be an absurdity, which would open the door to mischief and abuse of the statute, contrary to the intent of the legislature.

The judgment of the trial court is affirmed.