

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00419-CV

MICHAEL M. BLANCHARD                                          APPELLANT

V.

BRAZOS FOREST PRODUCTS,                                       APPELLEES
L.P. AND TEXAS WORKFORCE
COMMISSION

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Michael M. Blanchard appeals the trial court's summary judgment in favor of Appellees Brazos Forest Products, L.P. (Brazos) and Texas Workforce Commission (TWC). Blanchard contends in two issues that the trial court erred by granting summary judgment against him because it applied the

wrong summary judgment standard and made incorrect evidentiary rulings. We affirm.

## II. Background

Blanchard was employed as a truck driver for Brazos, but Brazos terminated Blanchard's employment on June 17, 2008, because he allegedly treated a customer inappropriately. Blanchard sought unemployment benefits, but the TWC appeal tribunal denied his claim. The TWC affirmed the denial, and Blanchard appealed to district court. Brazos and TWC filed a joint motion for summary judgment, which the trial court granted after overruling most of Blanchard's objections to Brazos and TWC's summary judgment evidence.

In support of their joint motion for summary judgment, Brazos and TWC presented affidavits by Helen Nguyen, Randy Nguyen, Kyle Arterburn, and Daren Schirico. Ms. Nguyen stated in her affidavit that Blanchard delivered wood supplies to RD Shutters, Inc. on June 17, 2008, and that she was familiar with Blanchard from prior deliveries. She related that Blanchard typically entered the front office when he arrived for deliveries so that RD Shutters employees could assist him, but she said that Blanchard did not do so that day, that he instead began unloading the wood supplies himself, that he began throwing the supplies onto the loading dock, and that Blanchard had been rude and disrespectful during at least one prior delivery.

Mr. Nguyen was also employed by RD Shutters on June 17, 2008. He stated by affidavit that he was present during Blanchard's delivery on that date,

that he personally witnessed Blanchard throwing wood supplies onto the loading dock, that he personally asked Blanchard to stop throwing the supplies and wait until someone could assist him, but that Blanchard continued throwing the supplies onto the loading dock. Mr. Nguyen also stated that he called Brazos after the incident, complaining of Blanchard's "rude and destructive behavior" and asking that Blanchard not make any further deliveries to RD Shutters.

Arterburn is Brazos's human resources manager. He stated in his affidavit that Blanchard's employment with Brazos was terminated on June 17, 2008, after RD Shutters complained about Blanchard's conduct during the delivery. Schirico is one of Brazos's assistant general managers. Shirico stated by affidavit that he presented Blanchard with a termination notice on June 17, 2008, and informed Blanchard that he was being fired as a result of the customer complaint.

Blanchard filed a written response to Brazos and TWC's joint motion for summary judgment, and he asserted objections to Brazos and TWC's summary judgment evidence and presented evidence contradicting much of Brazos and TWC's summary judgment evidence. In his affidavit, Blanchard stated that he went into the RD Shutters office when he arrived for the June 17, 2008 delivery but that no one was there. He averred that he then began unloading the wood bundles by sliding them from the truck to the loading dock and that this was permissible because he had done so during previous deliveries. Blanchard further stated that Mr. Nguyen approached him as he was unloading the last bundle onto the dock and that Mr. Nguyen was upset with him for not asking RD

3

Shutters workers to assist with the delivery. Blanchard said, however, that he explained that there was no one in the office when he arrived, that he was not rude or disrespectful to Mr. Nguyen, that he gave Mr. Nguyen the opportunity to inspect the bundles, that Mr. Nguyen did so, and that Mr. Nguyen signed the delivery invoice without indicating any damage to the product. Blanchard further stated that he has a back problem and is physically unable to throw the wood supplies onto a loading dock. Finally, Blanchard denied seeing or having any interaction with Ms. Nguyen on June 17, 2008.

Mark Gilbert testified in his deposition that he was Blanchard's direct supervisor at Brazos, that sliding the wood product from the truck onto the loading dock is a permissible way to unload without damaging the product, and that he recalled providing Blanchard with a hook to assist him in sliding the wood product off the bed of a delivery truck.

### III. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

4

## IV. Discussion

Blanchard contends in his first issue that the trial court erred by granting summary judgment for Brazos and TWC because he presented evidence raising genuine issues of material fact. Specifically, Blanchard argues that the trial court did not apply the traditional summary judgment standard when granting Brazos and TWC's joint motion for summary judgment. In his second issue, Blanchard contends that the trial court abused its discretion by overruling his objections to Brazos and TWC's summary judgment evidence.

### A. Summary Judgment

Brazos and TWC moved for summary judgment on the ground that Blanchard's employment with Brazos was terminated for misconduct as defined by labor code section 201.012, meaning that Blanchard was not entitled to unemployment benefits pursuant to labor code section 207.044(a). *See* Tex. Lab. Code Ann. §§ 201.012(a), 207.044(a) (West 2006).

Blanchard argues that under the traditional standard for reviewing summary judgments—requiring the movant to establish entitlement to summary judgment as a matter of law, taking as true the nonmovant's evidence, and indulging every inference in the nonmovant's favor—he presented evidence creating genuine issues of material fact. To resolve Blanchard's first issue, it is first necessary to review the nature of an appeal to district court following TWC's administrative decision.

Judicial review of a TWC determination is by "trial de novo based on the substantial evidence rule." Tex. Lab. Code Ann. § 212.202(a) (West 2006). The trial court conducts an evidentiary trial to "determine whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence." *Edwards v. Tex. Emp't Comm'n*, 936 S.W.2d 462, 465 (Tex. App.— Fort Worth 1996, no writ). In making this determination, the issue is not whether TWC made the correct decision; it is instead "whether the evidence introduced before the trial court shows facts in existence at the time of the [agency's] decision that reasonably support the decision," that is, whether reasonable minds could have reached the same conclusion. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *see Edwards*, 936 S.W.2d at 465; *see also Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex. 1984) ("The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency."). Because substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence, the evidence may preponderate against the TWC decision but still amount to substantial evidence. *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also Tex. Health Facilities Comm'n*, 665 S.W.2d at 452. TWC remains the primary factfinding body, and the reviewing court may not substitute its judgment for TWC's on controverted fact

issues; the question before the trial court is one of law. *Edwards*, 936 S.W.2d at 465.

Trial courts may grant summary judgments in cases tried under the substantial evidence rule. *Cruz v. City of San Antonio*, 424 S.W.2d 45, 47 (Tex. Civ. App.—San Antonio 1968, no writ); *see Jimison v. Tex. Workforce Comm'n*, No. 02-09-00127-CV, 2010 WL 851418, at *3 (Tex. App.—Fort Worth Mar. 11, 2010, no pet.) (mem. op.). "Indeed, appeals under substantial evidence review are uniquely suited to summary judgment because the only issue before the court is a question of law." *Arrellano v. Tex. Emp't Comm'n*, 810 S.W.2d 767, 771 (Tex. App.—San Antonio 1991, writ denied). We review the trial court's judgment by comparing the TWC decision with the evidence presented to the trial court and the governing law. *Potts v. Tex. Emp't Comm'n*, 884 S.W.2d 879, 882 (Tex. App.—Dallas 1994, no writ). We determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC decision. *Id.* at 883.

Thus, the trial court in this case was required to accept as true all of Blanchard's evidence, indulge every reasonable inference and resolve any doubts in his favor, and determine whether the summary judgment evidence showed, as a matter of law, that facts in existence at the time of TWC's decision reasonably supported the decision—i.e., whether reasonable minds could have reached the same conclusion. *See Collingsworth Gen. Hosp.*, 988 S.W.2d at

7

708; *Edwards*, 936 S.W.2d at 465; *Jimison*, 2010 WL 851418, at *3–4; *see also Mann Frankfort*, 289 S.W.3d at 848; *20801, Inc.*, 249 S.W.3d at 399.

Blanchard's contention is essentially that the trial court must have applied the wrong evidentiary standard because he presented evidence creating genuine issues of material fact in response to Brazos and TWC's summary judgment evidence. But Blanchard misinterprets the question to be decided by the trial court on summary judgment. Rather than determine whether Brazos and TWC proved as a matter of law that Blanchard engaged in misconduct as defined by the labor code or whether fact issues precluded summary judgment, the trial court was required to determine whether Brazos and TWC proved as a matter of law that substantial evidence supported TWC's decision to deny him unemployment benefits. *See Collingsworth Gen. Hosp.*, 988 S.W.2d at 708; *Tex. Health Facilities Comm'n*, 665 S.W.2d at 452; *Edwards*, 936 S.W.2d at 465; *Potts*, 884 S.W.2d at 883. As stated above, summary judgment is appropriate if the summary judgment evidence proves as a matter of law that substantial evidence—i.e., more than a scintilla but less than a preponderance—supports the TWC decision, even though the summary judgment evidence preponderates against the TWC decision to deny benefits. *See Tippy*, 991 S.W.2d at 334; *see also Tex. Health Facilities Comm'n*, 665 S.W.2d at 452. With these principles in mind, we turn to the merits of the trial court's grant of summary judgment against Blanchard.

A person is "disqualified for benefits if [he] was discharged for misconduct connected with [his] last work." Tex. Lab. Code Ann. § 207.044(a). Labor code section 201.012(a) defines "misconduct" as "mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees." Tex. Lab. Code Ann. § 201.012(a). Brazos and TWC argued to the trial court that Blanchard's conduct constituted mismanagement of his position of employment. Mismanagement under section 201.012(a) requires intent "or such a degree of carelessness as to evidence a disregard of the consequences, whether manifested through action or inaction." *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). However, "[m]ere failure to perform the tasks to the satisfaction of the employer, without more, does not constitute misconduct which disqualifies an employee from benefits." *Tex. Emp't Comm'n v. Torres*, 804 S.W.2d 213, 215–16 (Tex. App.—Corpus Christi 1991, no pet.).

Brazos and TWC presented summary judgment evidence that Blanchard delivered wood supplies to RD Shutters on June 17, 2008; that he did not ask for assistance in the front office as he had done on prior deliveries; that he unloaded the wood supplies himself by throwing them onto the loading dock; that Mr. Nguyen asked Blanchard to stop throwing the supplies and wait until someone could assist him; but that Blanchard continued throwing the supplies onto the loading dock. There is also evidence that Blanchard's employment with Brazos

9

was terminated because Mr. Nguyen called Brazos after the incident, complained of Blanchard's "rude and destructive behavior," and asked that Blanchard not make any further deliveries to RD Shutters. Blanchard presented summary judgment evidence contradicting almost all of these facts.

If the issue were simply whether genuine issues of material fact precluded summary judgment on the question of Blanchard's alleged mismanagement of his position of employment, the summary judgment should have been denied. But the issue is instead whether the summary judgment evidence proved as a matter of law that substantial evidence supported TWC's decision to deny Blanchard benefits because it found that he mismanaged his position of employment. *See* Tex. Lab. Code Ann. § 201.012(a); *Collingsworth Gen. Hosp.*, 988 S.W.2d at 708; *Tex. Health Facilities Comm'n*, 665 S.W.2d at 452; *Edwards*, 936 S.W.2d at 465; *Potts*, 884 S.W.2d at 883. Answering solely that question of law, we hold that the trial court did not err by concluding, as a matter of law, that reasonable minds could have determined that Blanchard mismanaged his position of employment. The evidence, although conflicting, constitutes more than a scintilla of evidence that Blanchard acted with carelessness with sufficient disregard of the consequences as opposed to the mere failure to perform a task to Brazos's satisfaction. *See Mercer*, 701 S.W.2d at 831; *Torres*, 804 S.W.2d at 215–16. We overrule Blanchard's first issue.

## B. Evidentiary Rulings

Blanchard contends in his second issue that the trial court abused its discretion by overruling his objections to Brazos and TWC's summary judgment evidence. We need not address Blanchard's evidentiary objections, however, because we have not relied on the objected-to evidence in determining that the trial court did not err by finding that substantial evidence supported the TWC's decision.[1] *See* Tex. R. App. P. 47.1. We therefore overrule Blanchard's second issue.

## V. Conclusion

Having overruled each of Blanchard's issues, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DAUPHINOT, J., filed a concurring opinion.

DELIVERED: October 27, 2011

---

[1]Blanchard objected to evidence of the TWC appeal tribunal decision and TWC final decision, Brazos employee conduct policies, the portion of Shirico's affidavit detailing the complaint he received from Ms. Nguyen, e-mails from Ms. Nguyen to Shirico, and the portion of Ms. Nguyen's affidavit detailing statements made by RD Shutters employee Ana Saucedo.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00419-CV

---

MICHAEL M. BLANCHARD                                    APPELLANT

V.

BRAZOS FOREST PRODUCTS,                                 APPELLEES
L.P. AND TEXAS WORKFORCE
COMMISSION

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## CONCURRING OPINION

----------

The majority correctly recites the standard of review appropriate for a traditional summary judgment[1] but then essentially holds that it is irrelevant because there is no real appeal from the determination of the Texas Workforce Commission (TWC), stating,

---

[1]Majority op. at 4; *see* Tex. R. Civ. P. 166a(b)–(c); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

Rather than determine whether Brazos and TWC proved as a matter of law that Blanchard engaged in misconduct as defined by the labor code or whether fact issues precluded summary judgment, the trial court was required to determine whether Brazos and TWC proved as a matter of law that substantial evidence supported TWC's decision to deny him unemployment benefits.[2]

No matter that we must take the allegations of the nonmovant as true and determine whether any issue of material fact exists in a true traditional summary judgment review,[3] if there was any evidence amounting to more than a scintilla before the TWC that supports its decision, the entire appeal process is a sham because as a matter of law the TWC cannot be reversed.[4] Here, the nonmovant showed substantial conflicting evidence. If we take it as true, summary judgment is not proper.[5] But, despite the standard of review to which we must give lip service, all that conflicting evidence must be ignored in this case because, in determining appeals from a TWC ruling, factual allegations of the nonmovant are

---

[2]Majority op. at 8.

[3]Tex. R. Civ. P. 166a(c); *Fielding*, 289 S.W.3d at 848.

[4]*See* majority op. at 8; *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Edwards v. Tex. Emp't Comm'n*, 936 S.W.2d 462, 465 (Tex. App.—Fort Worth 1996, no writ); *see also Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 452–53 (Tex. 1984) (noting that if there is substantial evidence, that is, more than a mere scintilla, supporting the agency findings, the decision must be upheld even if the evidence preponderates against it).

[5]*See* Tex. R. Civ. P. 166a(c); *Fielding*, 289 S.W.3d at 848.

irrelevant if there was any evidence amounting to more than a mere scintilla before the TWC that supports its ruling.[6]

If this is what the legislature intends, then the Supreme Court of Texas should come up with a new standard of review to be applied to summary judgment cases involving appeals from administrative decisions based on substantial evidence, and that standard of review should make sense in light of the law that we are obligated to follow. I would suggest that the standard first look to whether there was substantial evidence to support the administrative ruling. Then I would ask whether the nonmovant has produced evidence either below or as newly discovered evidence to show as a matter of law that the administrative ruling cannot stand or that reasonable persons could not disagree that the veracity or reliability of the evidence supporting the administrative ruling was so lacking that a reasonable person could not rely on the evidence below. If there is a question regarding when the nonmovant became aware of this evidence, it would go to the propriety of granting or denying the motion for summary judgment. That is, the burden would be on the proponent of the newly discovered evidence in the same manner as in a motion for new trial based on newly discovered evidence.[7]

---

[6]*See* majority op. at 7; *Edwards*, 936 S.W.2d at 465.

[7]*See Fantasy Ranch, Inc. v. City of Arlington*, 193 S.W.3d 605, 615 (Tex. App.—Fort Worth 2006, pet. denied).

3

The majority has correctly addressed the issues before us as the law now stands.  I respectfully ask the Supreme Court of Texas to reconsider the standard of review for summary judgments in cases involving appeals from administrative rulings based on substantial evidence.

LEE ANN DAUPHINOT
JUSTICE

DELIVERED:  October 27, 2011