# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-10-00327-CV
---

**Akhlaq A. Chawla, Appellant**

**v.**

**Texas Workforce Commission and Judge Technical Services, Inc., Appellees**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-09-001583, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**
---

### M E M O R A N D U M   O P I N I O N

Akhlaq A. Chawla, pro se, appeals from a summary judgment granted in favor of the Texas Workforce Commission (TWC) and Judge Technical Services, Inc. (Judge Technical). We will affirm.

### BACKGROUND

In March 2008, Judge Technical hired Chawla as a senior pipe stress engineer. Judge Technical assigned Chawla to work on a project for a client company, Jacobs Engineering Group, Inc. (Jacobs). Judge Technical agreed to pay Chawla $85.00 per hour to work forty hours per week. Chawla asserts that Judge Technical also orally "guaranteed" him between twenty and twenty-five hours of overtime work per week, but he was never given the allegedly guaranteed overtime. Instead, he was given ten hours of overtime per week until the end of July 2008. Near the end of July, Chawla complained to a supervisor that he was not receiving sufficient overtime.

The supervisor asked a representative of Jacobs about Chawla's issue, and, according to Chawla, Jacobs then had Chawla stop working overtime altogether, although at least one other worker on the project continued to work overtime. The Jacobs representative further responded that if Chawla was unsatisfied with the situation, he "could quit." Chawla gave a weeks' notice to Judge Technical and left the job on August 8, 2008.

In October 2008, Chawla filed a claim for unemployment insurance benefits with the TWC. The TWC denied the claim, explaining in a letter that Chawla "had not used all of the means for correcting the problem available through [his] employer" and that his " reason for quitting was not good cause connected with the work." *See* Tex. Lab. Code Ann. § 207.045 (West 2006). Chawla then filed suit against the TWC and Judge Technical in district court, seeking judicial review of the TWC's decision. The TWC moved for summary judgment, which the district court granted, finding that substantial evidence supported the TWC's decision. Chawla appeals.

**DISCUSSION**

Chawla contends the district court's judgment should be reversed for two reasons: (1) the TWC did not present substantial evidence, as a matter of law, to support the determination that Chawla was not entitled to unemployment compensation benefits; and (2) the district court erred in granting the TWC's motion for summary judgment because "there existed genuine issues of material fact" and because the motion was "unilateral" in that it was not joined by Judge Technical.

We first address Chawla's complaint that the TWC's summary-judgment motion was "unilateral." Chawla implies that because the motion for summary judgment was filed solely by TWC, it did not dispose of all parties to the suit. If the judgment did not dispose of all parties, it

2

would not be a final, appealable judgment, and this Court would not have jurisdiction over the appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally, appeal may be taken only from final judgment, which disposes of all parties and claims); *see also Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) (stating that unless statute specifically authorizes interlocutory appeal, appellate courts have jurisdiction over only final judgments). Although Judge Technical did not join the TWC's summary-judgment motion, the sole allegation in Chawla's suit was that the TWC's decision was erroneous. As such, the district court's summary judgment affirming the TWC's decision disposes of the sole claim that Chawla was attempting to assert against either appellee. Because Chawla has no separate complaint against Judge Technical, we conclude that the summary judgment, which states "[t]his case is dismissed in its entirety as to all claims and parties," was a final, appealable order. *Cf. Smith v. Texas Workforce Comm'n*, No. 12-11-00230-CV, 2012 Tex. App. LEXIS 4459, at *3-4 (Tex. App.—Tyler June 6, 2012, no pet.).

We next turn to Chawla's contention that the TWC was not entitled to summary judgment because "there existed genuine issues of material fact." Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We review summary judgments de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

As an initial matter, we note that trial courts review TWC decisions on unemployment benefits by trial de novo under the substantial evidence standard. Tex. Lab. Code Ann. § 212.202(a) (West 2006). Therefore, as Chawla's brief acknowledges, the specific question before the district

3

court was whether the TWC proved as a matter of law that substantial evidence supported the decision to deny Chawla unemployment benefits. *See Blanchard v. Brazos Forest Prods., L.P.*, 353 S.W.3d 569, 572 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998) ("the trial court was required to determine whether [employer] and TWC proved as a matter of law that substantial evidence supported TWC's decision to deny [former employee] unemployment benefits"). Although courts review the facts when conducting a substantial-evidence review, determining whether substantial evidence supports the TWC's decision is a question of law. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956-57 (Tex. 1984) (stating that, under substantial-evidence-de-novo review, "the agency itself is the primary fact-finding body, and the question to be determined by the trial court is strictly one of law"); *Blanchard*, 353 S.W.3d at 573 (observing that appeals under substantial-evidence review are uniquely suited to summary judgment because only issue before court is question of law); *Gilder v. Meno*, 926 S.W.2d 357, 365 (Tex. App.—Austin 1996, writ denied) ("the inquiry in a substantial-evidence-de-novo review is purely a question of law"). Because the issue presented to the district court was this question of law, the district court could not have erred in granting summary judgment based on "genuine issues of material fact." We overrule Chawla's second issue.

In his first issue, Chawla asserts the TWC did not present substantial evidence, as a matter of law, to support the determination that he was not entitled to unemployment compensation benefits.[1] As we have mentioned above, judicial review of the TWC's decisions on unemployment

---

[1] Chawla also asserts that "it was evident that Appellee [Judge Technical] was in violation of Federal Equal Employment Opportunity Laws," which Chawla also raised in response to the

4

benefits is by trial de novo under the substantial evidence standard. Under this standard, the TWC's action is presumed valid, and the party seeking to set aside the decision has the burden of showing that it was not supported by substantial evidence. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). Although substantial evidence is more than a mere scintilla, the evidence in the record may actually preponderate against the agency's decision and nonetheless amount to substantial evidence. *See State v. Public Util. Comm'n*, 883 S.W.2d 190, 204 (Tex. 1994). This judicial review is not subject to the administrative procedures act. *Mercer*, 701 S.W.2d at 831. The trial court examines whether the evidence introduced at the trial court shows facts in existence at the time of the TWC's decision that reasonably support the decision. *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). A reviewing court may not set aside a decision of the TWC merely because the court would have reached a different result, but may do so only if it finds that the TWC's decision was made without regard to the law or the facts and was therefore unreasonable, arbitrary, or capricious. *Mercer*, 701 S.W.2d at 831. With these principles in mind, we will review the district court's summary judgment de novo to determine whether the TWC proved as a matter of law that substantial evidence supported its decision. *See Blanchard*, 353 S.W.3d at 572.

The TWC's Determination of Payment of Unemployment Benefits stated as its reason for denying benefits: "Our investigation found you left your last work because you believed

TWC's motion for summary judgment. His petition for judicial review refers only to Judge Technical's failure to provide "equal opportunity to work overtime." Assuming that this language in Chawla's petition provided fair notice that he was attempting to assert a claim under Federal Equal Opportunity Employment Laws, Chawla did not explain in his brief or his pleadings below how Judge Technical violated these laws, nor did he cite any authority in his brief or trial-court pleadings to support this asserted violation. We therefore do not address any argument he may have been attempting to assert with regard to these federal laws. *See* Tex. R. App. P. 38.1(i).

your hiring agreement had changed. You had not used all of the means for correcting the problem available through your employer. Your reason for quitting was not good cause connected with the work." The TWC Appeal Tribunal affirmed, finding that Chawla claimed he was told he would be "eligible to work approximately 20 to 25 hours of overtime each week" and that he ultimately quit his job because he was not receiving any overtime. The Tribunal observed that section 207.045 of the labor code disqualifies individuals who voluntarily leave employment without "good cause connected with the work" from receiving unemployment benefits. According to the TWC, "[g]ood cause connected with the work for leaving, as that term is used in the law of unemployment insurance, means such cause, related to the work, as would induce a person who is genuinely interested in retaining work to nevertheless leave the job." In determining that Chawla did not have good cause for leaving his work, the Tribunal relied upon one of its former decisions, in which a claimant quit because "on two occasions, she had been promised overtime work but was not given such work because changes in work schedules removed the necessity for it." In that case, "[t]here was no agreement at the time of her hiring that the claimant would be given overtime work." Therefore, the tribunal had determined that the fact that the employer thought he would need overtime work, but then did not, did not constitute "good cause connected with the work" for quitting. Based on "the spirit" of that decision, the Tribunal determined that "overtime work is based upon the employer's necessity to have such work performed due to its availability," and concluded that "since fulltime work was still available" to Chawla "at the rate of pay for which he was hired," resigning because he did not receive overtime did not constitute "good cause" for leaving his job. Therefore, the Tribunal affirmed the decision to deny benefits. *See* Tex. Lab. Code Ann. § 207.045

6

("An individual is disqualified for benefits if the individual left the individual's last work voluntarily without good cause connected with the individual's work."); *cf.* Tex. Lab. Code § 201.091(e) (West 2006) ("For purposes of this subtitle, an individual is not considered unemployed and is not eligible to receive benefits for any benefit period during which the individual works the individual's customary full-time hours, regardless of the amount of wages the individual earns during the benefit period.").

Chawla urges that the TWC's decision was not supported by substantial evidence because Judge Technical did not appear or present evidence before the TWC, such that the only evidence introduced to the trial court consisted of the documents attached to the TWC's motion for summary judgment and those attached to Chawla's response. Chawla further notes that the "Hearing CD(s)" of the TWC hearing, which the TWC cited as evidence in support of its summary judgment motion, were not actually received by the district court.[2] Chawla correctly identifies the evidence that was before the district court: the TWC's notes, which recorded Chawla's assertion that he was promised twenty to twenty-five hours of overtime per week; the TWC's decision denying Chawla's claim; the Appeal Tribunal's decision; the TWC's Findings and Decisions of the Commission denying Chawla's motion for rehearing; eight of Chawla's weekly time sheets; and eight weekly time sheets belonging to another Judge Technical employee. He argues that these documents did not reasonably support the TWC's decision.

---

[2]  The "Hearing CD(s)" are listed as attachment 3 to the TWC's summary-judgment motion, but the actual exhibit was not received by the district court. We note that the TWC repeatedly cites the page of the appellate record containing the notation "Duplicate Hearing CD(s) Akhlaq A. Chawla #1084944," and the TWC filed a reply brief asserting its belief that it provided a CD or CDs to the district court and stating that the TWC "did not receive any indication from the trial court that it did not have a copy of the hearing CD." However, in response to correspondence from Chawla and separate correspondence from the clerk of this Court, the district court confirmed that it did not receive this exhibit.

Although Chawla asserted that he was "guaranteed" twenty to twenty-five hours of overtime each week, the TWC found that Chawla was told he was "eligible" for overtime in addition to having a "flex schedule totaling 40 hours per week at $85.00 per hour." Chawla relies upon this Court's opinion in *Davis-Lynch, Inc. v. Texas Emp't Comm'n*, No 03-90-00170-CV, 1991 Tex. App. LEXIS 3302 (Tex. App.—Austin July 3, 1991, no writ), to support his assertion that denying him overtime constitutes good cause for voluntarily terminating his employment. In *Davis-Lynch*, the Texas Employment Commission (now known as the Texas Workforce Commission), awarded unemployment benefits to a former employee of Davis-Lynch, Inc., after the former employee resigned because his hours were cut from his "usual" schedule of forty hours per week to a schedule of thirty hours per week, effectively decreasing his pay by more than 20%. *Id.* at *1-2. Based on the facts that "Davis-Lynch unilaterally reduced the hours of all its employees by 25% per week," which "translated into a weekly pay decrease for [the former employee] of more than 20%," and that "the hours/pay cut came during a time when rumors of an impending layoff were circulating," the Court concluded the Commission's determination that the former employee had good cause for resigning was not arbitrary and capricious. *Id.* at *9-10.

Chawla suggests that denying him overtime was the same as cutting "his work hours from 50 to 40, effectively reducing his salary more than 27%." Appellees both respond by asserting that working forty hours per week equates to "full-time work," and they assert that *Davis-Lynch* is distinguishable on the basis that the former employee in that case had his hours cut below "full-time work," while Chawla could have maintained "full-time" work, such that he did not have good cause to resign. However, the Texas Unemployment Compensation Act does not define "full-time," and one of our sister courts has concluded:

8

[t]here appears to be no common meaning of the term 'full time,' and the dictionary definitions do not expressly implicate the number of hours worked. *See* WEBSTER'S THIRD NEW INT'L DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 919 (1981). The adjective "full-time" is defined as "employed for or involving full time"; "full time," the noun, is defined as "the amount of time considered the normal or standard amount for working during a given period." *Id.* Texas statutes use the term "full time" in different ways.

*In re C.P.Y.*, 364 S.W.3d 411, 414 (Tex. App.—Dallas 2012, no pet.); *see id.* at 414-15 & nn.2-4 (discussing different statutes' uses of the term "full-time"). We therefore do not base our decision on whether Chawla worked any particular number of hours. Instead, we look to whether substantial evidence supports the TWC's conclusion that limiting Chawla to working forty hours per week was not good cause for Chawla to resign.

Consistent with the TWC's finding that Chawla had a "flex schedule" with optional overtime, Chawla's time sheets show that he worked on weekdays and worked from forty to fifty hours per week. The time sheets for Chawla's coworker show that the coworker worked from 38.25 to 59.25 hours per week and that in each week where his hours exceeded fifty, he worked on Saturday. Each time sheet divides the time the employee has worked into "regular" and "overtime" pay. The first forty hours of each work week are paid as regular pay at $85.00 per hour, with the remainder paid as overtime at a rate of $127.50 per hour. This division between the "regular" forty hours and "overtime" pay could reasonably support a conclusion that, unlike the situation in *Davis-Lynch*, limiting Chawla to working forty hours per week did not deprive him of working his "regular" or usual hours. The summary-judgment evidence showing that Chawla could have remained employed for the full amount of his regular hours, but left only because he was not given continuing opportunities to work overtime, provides more than a mere scintilla of evidence supporting the

9

TWC's decision that Chawla did not have good cause for voluntarily leaving employment. *See Public Util. Comm'n*, 883 S.W.2d at 204. Accordingly, the district court correctly determined that substantial evidence supported the TWC's decision. We overrule Chawla's first issue.

## CONCLUSION

Having overruled Chawla's issues, we affirm the district court's judgment.

 

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:  August 22, 2012