TEXAS WORKFORCE COMMISSION,
Appellant

v.

WICHITA COUNTY, TEXAS, Appellee

NO. 02–15–00215–CV

Court of Appeals of Texas,
Fort Worth.

DELIVERED: December 8, 2016

KEN PAXTON, ATTORNEY GENER-
AL OF TEXAS; CHARLES E. ROY,
FIRST ASSISTANT ATTORNEY GEN-
ERAL; JAMES E. DAVIS, DEPUTY AT-
TORNEY GENERAL FOR DEFENSE
LITIGATION; ROBERT O'KEEFE, DI-
VISION CHIEF OF TAX DIVISION;
PETER E. LAURIE, ASSISTANT AT-
TORNEY GENERAL, TAX DIVISION,
ATTORNEY GENERAL'S OFFICE
AUSTIN, TX, FOR APPELLANT.

MAUREEN SHELTON, CRIMINAL
DISTRICT ATTORNEY; MEREDITH L.
KENNEDY, CHIEF OF CIVIL DIVI-
SION; JENNIFER PONDER & AN-
DREW F. WIPKE, ASSISTANT CRIMI-
NAL DISTRICT ATTORNEYS FOR
WICHITA COUNTY WICHITA FALLS,
TX, FOR APPELLEE.

PANEL: LIVINGSTON, C.J.;
WALKER and MEIER, JJ.

## OPINION

TERRIE LIVINGSTON, CHIEF
JUSTICE

This appeal raises the question of
whether an employee who is taking leave
under the federal Family and Medical
Leave Act [1] (FMLA)—which gives certain
protections to individuals who are em-
ployed—may obtain unemployment bene-

---

1. *See* 29 U.S.C.A. §§ 2611–54 (West 2009 & Supp. 2016).

fits under the Texas Labor Code. We hold that such a person may not simultaneously enjoy the benefits of both statutes. We therefore overrule TWC's two issues and affirm the judgment of the trial court, which rests on the same conclusion.

## Background Facts

The facts at issue are largely undisputed. Appellee Wichita County, Texas (the County) employed Julia White beginning in 2006. White went on FMLA leave for depression and anxiety beginning on August 16, 2011. Her accrued paid leave ran out on August 19, when she went on unpaid leave. After August 19, the County continued paying White's health insurance, but it did not pay her wages. During a meeting in September 2011, the County determined that it could not accommodate White's needs with a different position at that time.[2] But at that meeting, the County committed to follow the FMLA by protecting White's employment and by paying her health insurance premiums through November 2011.

White applied to appellant Texas Workforce Commission (TWC) for unemployment benefits on October 2. The County contested White's claim on the basis that she was still employed and therefore could not receive benefits. TWC reached an initial decision that White was entitled to benefits on October 25, finding that "[w]hile [she was] on an unpaid leave of absence [she was] considered unemployed." Eventually, an accommodating position became available, and White returned to work for the County in a different department, therefore ending her FMLA leave, on November 4, 2011.

The County appealed TWC's initial determination approving White's unemployment benefits and requested an administrative hearing. At the hearing, the following exchange occurred between the hearing officer and White:

Q. Now, Ms. White, when did you begin to work for Wichita County prior to filing your claim for benefits, ma'am?

A. June 5th, 2006, I think.

. . . .

Q. Did you quit, were you laid off, or were you discharged from this position?

A. None of the above.

Q. What is your contention?

A. I was . . . out sick. I was in the hospital and—

Q. We'll get into some details later, ma'am.

A.—I was off on F.M.L.A.

Q. Okay. We're going to get into details . . . .

A. Okay.

Q. Let me ask you first, did you consider yourself [as] quit, discharged, or laid off? What would—

A. None, none.

Q.—you consider yourself?

A. None. I wasn't. That's what I was explaining, I was never—

Q. Are you still working for the [County] now?

A. Yes. I was out on—

Q. Have you gone back to work?

A.—F.M.L.A, uh-huh.

2. White's employment consisted of sometimes working alone. She needed an accommodation that allowed her to interact with other people.

Q. You've gone back to work?

A. Yes, sir.

. . . .

Q. Now, Ms. White, you're saying you still work for the [County], but you filed a claim as of October 2nd, 2011. If you weren't separated—

A. Yes, sir.

Q.—from the [County], why did you file the claim for benefits at that time?

A. I was out on . . . Family Medical Leave, and I . . . hadn't had a paycheck since August 20th, I think. I don't remember the exact date. And my doctor and my counselor told me that I needed to check with Texas Workforce. So I asked—

Q. Okay.

A. I called—do you want me to continue?

Q. Continue.

A. Okay. When I called to make my claim, I told the lady on the phone when she asked me the same questions you did, that I did not quit, I was not fired, I was not separated from the company, but I was still out on F.M.L.A., and I explained the situation. She put me on hold. She came back and she said, you know, they would send me the information.

So they sent the information, and that's how—I mean, I explained every time . . . .

Later in the hearing, White stated, "I want to clarify that . . . I still was employed by the County, just in unpaid status."

After the hearing, the TWC Appeal Tribunal issued a written opinion affirming the initial determination and ordering the County's account billed for White's benefits. The Appeal Tribunal found that the Texas Unemployment Compensation Act [3] entitled White to benefits; the opinion stated that White "was separated from her last employment when [she] went on a medical leave [4] . . . and the employer could not make any accommodations based on the claimant's restrictions." The County further appealed this decision to the TWC commissioners, who adopted the findings of fact and conclusions of law of the Appeal Tribunal and affirmed the decision.

The County sought judicial review of the final administrative decision by filing a petition in the trial court.[5] In its petition, the County pled, "[T]he decision of the TWC is not supported by law because . . . White did not separate from her employment with Wichita County and is therefore disqualified from benefits." TWC answered the suit by asserting a general denial and by pleading that substantial evidence supported TWC's decision. White also filed an answer in which she asserted a general denial.

The County moved for summary judgment, asserting that the final administra-

---

**3.** *See* Tex. Labor Code Ann. §§ 201.001–215.044 (West 2015 & Supp. 2016).

**4.** As explained above, when White went on leave, she had three days of paid leave available.

**5.** *See* Tex. Labor Code Ann. § 212.201(a). Judicial review of a final TWC determination is by trial de novo based on the substantial evidence rule. *Id.*; *see Blanchard v. Brazos Forest Prods., L.P.*, 353 S.W.3d 569, 572 (Tex. App.–Fort Worth 2011, pet. denied). On appeal from the grant of summary judgment in such a case, we "determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC decision." *Blanchard,* 353 S.W.3d at 573.

tive decision made by TWC was incorrect. The County argued, "[T]he undisputed evidence indicates that White was neither unemployed nor eligible to collect unemployment benefits . . . ." The County further contended, in part,

White was never *unemployed*; consequently, White was ineligible to receive unemployment benefits . . . .

. . . Receiving paid insurance premiums and an employer holding a position open for the employee's return pursuant to the FMLA are not hallmarks of *unemployed* persons.

. . . .

. . . Taking FMLA leave does not cause an employee to become unemployed; rather, the employee is eligible to return to the same position. FMLA protects an employee's job.

The County does not dispute that White was entitled to take FMLA leave. White had a serious health condition . . . . While on FMLA, White was an employee of the County . . . . White was never terminated from her employment with the County.

TWC also filed a motion for summary judgment, arguing that even though White's employment with Wichita County had not been formally terminated and although she may not have been "unemployed" under a common understanding of that term, when she was on FMLA leave, she was "unemployed" as the labor code defines that term because she did not perform services for wages. Regarding the interplay between unemployment benefits and FMLA leave, TWC contended,

FMLA and the [Texas] Labor Code's unemployment benefits provisions serve different functions. The FMLA *protects*

*a person's job* when he or she cannot work, and the Labor Code provides a means for unemployed individuals to support themselves. Those functions are not incompatible. This case shows that they are, in fact, complementary; *FMLA protected Ms. White's job* while she was not working, and she was able to "care for her own welfare" while not working by filing a claim for unemployment benefits. [The County's] policy argument that FMLA leave should prevent Ms. White from receiving unemployment benefits is not persuasive. [Emphasis added.]

The County filed a response and contended that "FMLA leave and unemployment benefits are mutually exclusive" when considering the "provisions and purposes" of the federal and state laws. The County argued, "This proceeding revolves around a singular issue: an employed individual was permitted to receive unemployment benefits."

The trial court granted the County's motion for summary judgment and reversed TWC's decision to grant unemployment benefits to White. TWC brought this appeal.

**The FMLA and Texas's Unemployment Laws**

■ In TWC's first issue, it contends that the trial court's judgment is erroneous because White was qualified for unemployment benefits under the labor code despite enjoying the protection (and health insurance benefits) of her employment under the FMLA. TWC asserts that "no court, in any jurisdiction, has ruled on the question of whether the [FMLA] precludes the receipt of unemployment benefits under state law." The County contends that the

"issue of whether the [labor code] and [FMLA] are mutually exclusive is an issue of first impression." Based on our research, we agree with TWC and the County that the question of whether FMLA leave precludes simultaneous compensation under a state unemployment law is an issue of first impression.[6]

■ In a summary judgment case, the issue on appeal is whether the movant established that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Cases that turn on questions of law, rather than questions of fact, are amenable to summary judgment. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

■ We also review statutory construction issues de novo. *Philadelphia Indem. Ins. Co. v. White*, 490 S.W.3d 468, 484 (Tex. 2016). In construing and applying a statute, our primary objective is to give effect to the legislature's intent as expressed in the statute's language. *Id.* We rely on the plain meaning of the text unless doing so would create an absurd result or a different meaning is apparent from the context. *Id.* We discern legislative intent from the statute as a whole, "not from isolated portions." *Id.*; *see In re Office of the Attorney Gen. of Tex.*, 456 S.W.3d 153, 155 (Tex. 2015) (orig. proceeding) (explaining that courts "construe the words of a statute . . . in the context of the statute's surrounding provisions"). We must consider the "consequences that would follow from each construction." *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991).

We begin by discussing provisions of the two laws at issue. The FMLA entitles an "eligible employee"[7] to twelve weeks of leave during any twelve-month period on account of several family or medical circumstances, including the birth of the employee's child or the care of a serious health condition experienced by the employee or one of the employee's family members. 29 U.S.C.A. § 2612(a)(1)(A), (C)-(D). An "employee" under the FMLA includes someone who is "employed by a . . . political subdivision of a State." *Id.* § 203(e)(2)(C) (West 1998 & Supp. 2016), § 2611(3). Leave granted to an employee under the statute may be unpaid. *Id.* § 2612(c). Upon return from FMLA leave, the employee is entitled to "be restored by the employer to the position of employment held by the employee when the leave commenced" or "to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." *Id.* § 2614(a)(1). While the employee remains on leave, the employer must generally

---

**6.** However, the County directs us to secondary sources that, in accordance with our holding below, stand for the proposition that an employee may not receive unemployment benefits while taking FMLA leave. *See* Elizabeth Lang–Miers, *Texas Practice Guide: Employment Practice* § 7:229 (2016) ("Individuals who remain as employees but who are on leave under the FMLA are ineligible for benefits."); Les A. Schneider and J. Larry Stine, *Wage and Hour Law: Compliance and Practice* § 35:10 (2016) ("FMLA leave and unemployment benefits are mutually exclusive. No employee is legitimately entitled to both at the same time.").

**7.** Thus, unemployed persons are not entitled to FMLA leave.

maintain the employee's health insurance coverage under a group health plan. *Id.* § 2614(c)(1). An employer subject to the FMLA[8] that does not follow its provisions may be liable for damages. *Id.* § 2617(a)(1)(A).

In enacting the FMLA, Congress expressed certain findings and purposes:

Congress finds that—

(1) the number of single-parent households and two-parent households in which the single parent or both parents work is increasing significantly;

(2) it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions;

(3) the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting;

(4) there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods;

(5) due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men; and

(6) employment standards that apply to one gender only have serious potential for encouraging employers to discriminate against employees and applicants for employment who are of that gender.

. . . .

It is the purpose of this Act—

(1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;

(2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

(3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers;

(4) to accomplish the purposes described in paragraphs (1) and (2) in a manner that, consistent with the Equal Protection Clause of the Fourteenth Amendment, minimizes the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis; and

(5) to promote the goal of equal employment opportunity for women and men, pursuant to such clause.

*Id.* § 2601(a)–(b); *see also DeFreitas v. Horizon Inv. Mgmt. Corp.*, 577 F.3d 1151, 1161 (10th Cir. 2009) ("[T]he FMLA was enacted because employers had found it in their economic self-interest to fire employees who missed too much work for medical care or other reasons now addressed by the FMLA."); *Brockman v. Wyo. Dep't of Family Servs.*, 342 F.3d 1159, 1164 (10th

---

**8.** Some employers that employ few employees are exempt from the statute. *See* 29 U.S.C.A. § 2611(2)(B)(ii).

Cir. 2003) ("Congress was attempting to alleviate the economic burdens to both the employee and to his or her family of illness-related job-loss."), *cert. denied*, 540 U.S. 1219, 124 S.Ct. 1509, 158 L.Ed.2d 155 (2004).

The labor code grants certain benefits to individuals who are totally unemployed or partially unemployed. Tex. Labor Code Ann. §§ 207.002–.003. Under the labor code's provisions, "employment" means a service performed for wages. *Id.* § 201.041. In accordance with this definition of employment, the labor code provides that an individual is "totally unemployed" when the individual "does not perform services for wages."[9] *Id.* § 201.091(a). An individual is "considered unemployed if the individual" is "totally unemployed." *Id.* § 201.091(c)(1). The term "wages" includes remuneration for personal services but does not include payments made to an employee under a health insurance plan. *Id.* §§ 201.081, .082(2).

An unemployed individual is eligible to receive benefits only if the individual meets several conditions, including registering for work at an employment office, being able to work, being available for work, and actively seeking work. *Id.* § 207.021(a). An unemployed individual is generally disqualified for benefits if the individual leaves work voluntarily, but such an individual is not disqualified if there is proof of one of several statutory circumstances, including that a medically verified illness or injury necessitated the separation from employment. *Id.* § 207.045(a), (d)(1)–(2).

The primary purpose of Texas's unemployment compensation laws is "to provide benefits to eligible individuals who are unemployed through no fault of their own." *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 539 (Tex. App.–Dallas 2014, no pet.). Another purpose of the statute is "to prevent unemployment, and it should be construed so as to reward and encourage employers providing stable employment." *Berry Contracting, L.P. v. Tex. Workforce Comm'n*, No. 03–03–00510–CV, 2004 WL 1114569, at *4 (Tex. App.–Austin May 20, 2004, pet. denied) (mem. op.); *see Rowan Oil Co. v. Tex. Emp't Comm'n*, 152 Tex. 607, 613, 263 S.W.2d 140, 143–44 (1953).

TWC principally relies on the language contained in section 201.091 to contend that White was unemployed while she took FMLA leave. Specifically, TWC argues that because White was not performing services or receiving wages during her FMLA leave, she was "totally unemployed" under section 201.091(a). *See* Tex. Labor Code Ann. § 201.091(a). The County contends that unemployment under the labor code requires termination of the employer-employee relationship. The County also contends that unemployment compensation and FMLA leave "must be construed as mutually exclusive to prevent absurd and unreasonable results." Finally, the County contends that provisions of the labor code other than section 201.091 indicate that someone in White's position cannot be eligible for benefits.

We conclude that we do not need to answer the broad questions of whether and to what extent termination of the employment relationship must serve as a condition for the receipt of unemployment benefits, which is an issue that each party

---

**9.** The labor code also contains a definition for partial employment. Tex. Labor Code Ann. § 201.091(b).

briefs.[10] Rather, we more narrowly agree with the County's position that section 201.091(a) and the remaining provisions within the labor code cannot be reasonably interpreted or applied to permit a person who takes FMLA leave for a serious medical condition to simultaneously obtain unemployment compensation. Specifically, we conclude that such an interpretation is unreasonable when construing section 201.091(a)'s definition of "unemployed" together with section 207.021's benefit eligibility requirements and with provisions of federal law.

The findings expressed by Congress in enacting the FMLA, as set forth above, show that the intent of that statute is to provide for long-term job security, not short-term income security, when a condition "prevent[s]" an employee from working because the employee must either address the condition or care for a family member with the condition. *See* 29 U.S.C.A. § 2601(a)(2)–(4), (b)(1)–(2); *Brockman*, 342 F.3d at 1164; *see also* 29 U.S.C.A. § 2612(c) (permitting unpaid leave), (d)(2)(B) ("[N]othing in this subchapter shall require an employer to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave.").[11] In accordance with that intent, the statute allows an employee to take leave when a "serious health condition [12] ... makes the employee *unable to perform the functions* of the position." 29 U.S.C.A. § 2612(a)(1)(D) (emphasis added). In contrast, the labor code requires an applicant for unemployment benefits to be "*able to work*," "available for work," "actively seeking work," and "registered for work." Tex. Labor Code Ann. § 207.021(a)(1), (3)–(5) (emphasis added); *see Tex. Emp't Comm'n v. Hays*, 360 S.W.2d 525, 527, 530 (Tex. 1962) (stating that to be "available for work," an applicant for unemployment benefits "must be genuinely attached to the labor market," and holding that certain personal restrictions on the ability to work may make an applicant unavailable).

In other words, the federal and state statutes generally apply to distinct groups of people: those who cannot perform existing jobs on a temporary basis, desire to return to those jobs, and need protection for the jobs until the reason for leave

---

**10.** On that question, the parties dispute whether our sister court's opinion in *Texas Employment Commission v. Southside ISD* was correct when it was decided and whether it remains correct today. 775 S.W.2d 733, 735 (Tex. App.–San Antonio 1989, writ denied) ("[W]e conclude that the term, unemployed, for the purposes of the Texas Unemployment Compensation Act, means that the employer-employee relationship is terminated. It does not include instances in which the employee is merely idle during the existence of the employment relationship."). We offer no opinion concerning the correctness of the conclusion reached in that case.

**11.** A federal regulation states that the FMLA "is intended to allow employees to balance their work and family life by taking reasonable *unpaid* leave." 29 C.F.R. § 825.101(a) (2013) (emphasis added). That regulation emphasizes the FMLA's goal to allow for the continuation of an *existing* employment relationship, while the labor code requires an applicant for unemployment compensation to seek a *new* employment relationship. *See id.* § 825.101(c) ("A direct correlation exists between stability in the family and productivity in the workplace. FMLA will encourage the development of high-performance organizations. When workers can count on durable links to their workplace they are able to make their own *full commitments to their jobs*." (emphasis added)); *cf.* Tex. Labor Code Ann. § 207.021(a).

**12.** A "serious health condition" is an illness or impairment that involves inpatient care or "continuing treatment by a health care provider." 29 U.S.C.A. § 2611(11).

resolves (FMLA) as opposed to those who desire new jobs and are ready and willing to perform them and need temporary income benefits in the meantime (unemployment under the labor code).[13] We cannot fathom that either Congress or our state legislature intended for a person to be able to proceed down both paths and receive both benefits at the same time.

Thus, although White did not perform services and did not receive wages during her FMLA leave in accordance with section 201.091(a), we conclude that she was not qualified[14] to receive unemployment benefits. *See* Tex. Labor Code Ann. § 201.091(a). We hold that the opposite conclusion would be absurd for the reasons stated above and because such a conclusion would thwart the employment-stability purposes of federal and state law by encouraging an individual with protected employment to seek new employment as a condition of obtaining unemployment benefits.[15] *See White*, 490 S.W.3d at 484; *see also* 29 U.S.C.A. § 2601(a)(3)–(4), (b)(1)–(3); *Rowan Oil Co.*, 152 Tex. at 613, 263 S.W.2d at 143–44. We also agree with the County's position that the opposite conclusion would amount to a judicial mandate of paid FMLA leave; we are reluctant to reach such a decision in the face of express authorization that such leave may be unpaid under federal law and without clear guidance to the contrary from our state legislature.

For all of these reasons, we conclude that the trial court did not err by granting the County's motion for summary judgment, by reversing the final administrative decision of the TWC, and by ordering that White was not qualified to receive unemployment benefits. We overrule TWC's first issue.

In TWC's second issue, it contends that as a reimbursing employer, the County is liable for the benefits TWC paid to White out of its unemployment fund. Having concluded that White was not qualified to receive unemployment benefits, we must reject TWC's position that the County is liable for the benefits TWC decided to pay on the basis of the County's status as a reimbursing employer. We overrule TWC's second issue.

---

13. We recognize that in some circumstances, an employee may take FMLA leave because the employee is unable to perform one job even though the employee remains able to perform another job and could apply for one. *See Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858, 861 (8th Cir. 2000). Nonetheless, for the reasons expressed in this opinion, we conclude that even in those circumstances, the labor code cannot be construed to grant unemployment benefits to someone who takes FMLA leave and therefore manifests an intent to retain current employment. We note that White testified that her doctor did not release her to return to work until November 4, the day she did so.

14. We decide this case on the basis of White's qualification for unemployment benefits, which the County contested during the TWC's administrative process. *See Johnson v. Oxy USA, Inc.*, No. 14–14–00831–CV, —— S.W.3d ——, 2016 WL 93559, at *2 (Tex. App.–Houston [14th Dist.] Jan. 7, 2016, pet. filed) (stating that the scope of a court's jurisdiction in reviewing a final TWC decision extends "as far as the language of the decision being appealed"). We rely on section 207.021's eligibility conditions as context for our qualification analysis, and we do not base our decision on whether White satisfied the eligibility conditions.

15. We also note, as the County suggests, that allowing an employee's compensation for unemployment while on FMLA leave renders an employee's accrual of paid sick leave as a benefit of employment at least partially superfluous.

## Conclusion

Having overruled both of TWC's issues, we affirm the trial court's judgment.