Justice Lehrmann delivered the opinion of the Court.
*491 The narrow issue presented is whether an individual qualifies as "unemployed" under the Texas Unemployment Compensation Act (Unemployment Act or Act) while taking unpaid leave from her job under the Family Medical Leave Act (FMLA). Applying the Unemployment Act's unambiguous language, we hold that she does. However, because eligibility for unemployment benefits requires more than "unemployed" status, we express no opinion on whether an individual on FMLA leave is ultimately entitled to such benefits. We reverse the court of appeals' judgment.
I. Background
Julia White worked for Wichita County as an assistant emergency management coordinator. On August 16, 2011, she went on FMLA leave for severe anxiety and depression. Her accrued paid leave ran out on August 19, after which she switched to unpaid leave. The County continued paying her health insurance premiums in accordance with the FMLA. In late September, White informed the County of certain medical restrictions placed on her return to work by her treatment providers, including that she work in a position that enabled her to interact with other people on a regular basis. The County initially concluded it lacked an open position meeting those restrictions; however, an accommodating position in a different department subsequently became available, and White returned to work for the County on November 4, 2011.[1]
In the meantime, White filed an initial claim for unemployment benefits with the Texas Workforce Commission on October 2. The County contested the claim on the ground that White remained a County employee and thus did not qualify for benefits. On October 25, the Commission issued a decision in which it determined that White was "unemployed" while "on an unpaid leave of absence" for a "medically verifiable illness" and that it could pay White benefits "if [she met] all other requirements." The decision further noted that the Commission "monitors eligibility for benefits ... every time weekly payments are requested."
The County appealed, asserting that White "never voluntarily left work, was never fired, was never laid off, and never left her employment." After a hearing, the Commission Appeal Tribunal affirmed the decision. The tribunal concluded that White was absent from work for medical reasons, had not been discharged for misconduct, and thus was not disqualified from receiving benefits. The tribunal also held that the County was required to reimburse the Commission for any benefits paid to White. The County appealed that decision, and the Commission affirmed.
The County filed a petition for judicial review in district court, alleging that "the evidence presented clearly indicates that *492 White did not separate from her employment with Wichita County and is therefore disqualified from benefits." The parties filed cross-motions for summary judgment. The trial court granted the County's motion, denied the Commission's, and rendered final judgment reversing the Commission's decision that White qualified for benefits, finding that "substantial evidence does not support" the decision.
The court of appeals affirmed, although it declined to "answer the broad questions of whether and to what extent termination of the employment relationship must serve as a condition for the receipt of unemployment benefits." 507 S.W.3d 919, 926 (Tex. App.-Fort Worth 2016). Instead, the court of appeals concluded that it would be "absurd" for an individual to be entitled to unemployment benefits during FMLA leave. Id. at 928. We granted the Commission's petition for review.
II. Standard of Review
We review summary judgments de novo. Travelers Ins. Co. v. Joachim , 315 S.W.3d 860, 862 (Tex. 2010). Summary judgment is proper when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When the parties file competing summary judgment motions and the trial court grants one and denies the other, "we consider the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered." Sw. Bell Tel., L.P. v. Emmett , 459 S.W.3d 578, 583 (Tex. 2015).[2]
III. Analysis
This case turns on the interpretation of a statute, which is a question of law requiring us to determine and give effect to the Legislature's intent. CHCA Woman's Hosp., L.P. v. Lidji , 403 S.W.3d 228, 231 (Tex. 2013). In so doing, we focus on the statute's text. In re Office of Att'y Gen. , 422 S.W.3d 623, 629 (Tex. 2013) ("Legislative intent is best revealed in legislative language."). We give statutory terms "their common, ordinary meaning unless the statute clearly indicates a different result." William Marsh Rice Univ. v. Refaey , 459 S.W.3d 590, 593 (Tex. 2015) (citation omitted); see also TGS-NOPEC Geophysical Co. v. Combs , 340 S.W.3d 432, 439 (Tex. 2011) (observing that statutory terms are given their ordinary meaning unless assigned a different meaning by statute or a different meaning is apparent from the statutory context). Further, we analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." Sommers v. Sandcastle Homes, Inc. , 521 S.W.3d 749, 754 (Tex. 2017). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." Tex. Mut. Ins. Co. v. Ruttiger , 381 S.W.3d 430, 452 (Tex. 2012).
A. Plain Language
The Unemployment Act's purpose is "to provide compensation for workers who are unemployed through no fault of their own."
*493 Collingsworth Gen. Hosp. v. Hunnicutt , 988 S.W.2d 706, 709 (Tex. 1998). To serve that purpose, the Act grants benefits to an "eligible individual" who is "totally unemployed" or "partially unemployed" in a particular "benefit period."[3] TEX. LAB. CODE §§ 207.002 -.003.
Subsections 201.091(a) and (b) of the Unemployment Act, in the chapter containing the Act's general provisions, define total and partial unemployment:
(a) An individual is totally unemployed in a benefit period during which the individual does not perform services for wages in excess of the greater of:
(1) $5; or
(2) 25 percent of the benefit amount.
(b) An individual is partially unemployed in a benefit period of less than full-time work if the individual's wages payable for that benefit period are less than the sum of:
(1) the benefit amount the individual would be entitled to receive if the individual was totally unemployed; and
(2) the greater of:
(A) $5; or
(B) 25 percent of the benefit amount.
Id. § 201.091(a)-(b). Subsection (c) confirms that an individual "is considered unemployed if the individual is: (1) totally unemployed as defined by Subsection (a); or (2) partially unemployed as defined by Subsection (b)." Id. § 201.091(c).
In turn, an unemployed individual's eligibility to receive benefits for a benefit period hinges on satisfaction of several statutory requirements. Id. § 207.021. Among other things, the individual must: have registered for work at an employment office and continued to report to the office as required by applicable Commission rules; have made a claim for benefits; be able to work; be available for work; be actively seeking work in accordance with Commission rules; and have been "totally or partially unemployed for a waiting period of at least seven consecutive days." Id. § 207.021(a)(1)-(5), (8).
The Act also contains exceptions to and disqualifications from benefits for certain individuals who would otherwise qualify. For example, a teacher is not entitled to benefits during the period between two successive academic years or terms if she performed services in the first year or term and "there is a contract or reasonable assurance that [she] will perform services in that capacity for any educational institution in the second" year or term. Id. § 207.041(a). And, consistent with the Act's purpose of compensating individuals who are unemployed through no fault of their own, an individual is disqualified for benefits if she "was discharged for misconduct connected with [her] last work." Id. § 207.044(a). Further, with certain exceptions, an individual is disqualified if she "left [her] last work voluntarily without good cause connected with [her] work." Id. § 207.045(a). One of those exceptions to disqualification applies when the individual "left work because of ... a medically verified illness." Id. § 207.045(d)(1).
As the Act is structured, then, to receive benefits an individual must be "unemployed," "eligible," and not otherwise statutorily excepted or disqualified. As an initial matter, we note that White's eligibility for benefits in a given benefit period is not at issue. The Commission's decisions say nothing about White's eligibility, such as *494 whether she was able to, available for, and actively seeking work during any particular benefit period. Indeed, the Commission's initial decision regarding White's claim concluded only that White was unemployed and that the Commission could pay her benefits "if [she met] all other requirements." (Emphasis added). And the appeal tribunal determined that White was not disqualified from receiving benefits because she was absent for medical reasons. To the extent the Commission separately determined that White was eligible for and therefore entitled to benefits for one or more benefit periods,[4] that determination is not in the record and is not before us. See Johnson v. Oxy USA, Inc. , 533 S.W.3d 395, 399 (Tex. App.-Houston [14th Dist.] 2016, pet. denied) (noting that the scope of the courts' "jurisdiction [over suits for judicial review of an administrative decision] only extends as far as the language of the decision being appealed" (citation omitted) ).[5]
Turning to the principal issue regarding whether White was "unemployed" while on unpaid FMLA leave, the Commission argues that she was because she clearly met the Act's definition of "totally unemployed"; that is, she was not "perform[ing] services for wages." TEX. LAB. CODE § 201.091(a). The County does not appear to dispute that White was "totally unemployed" while she was on leave. Rather, the County contends that the Act's definitions of "totally unemployed" and "partially unemployed" are relevant to eligibility, see id. § 207.021(a)(8) (to be eligible, a claimant must have "been totally or partially unemployed for a waiting period of at least seven consecutive days"), but not to the threshold issue of whether the claimant is "unemployed." In the County's view, that threshold issue must be resolved by considering the ordinary meaning of "unemployed," which connotes a formal severance of the employer-employee relationship. We agree with the Commission that, regardless of the ordinary meaning of the term, White qualified as "unemployed" under the Act's express definition.
The Act plainly says that "an individual is considered unemployed if the individual is: (1) totally unemployed as defined by Subsection (a) [of section 201.091 ]; or (2) partially unemployed as defined by Subsection (b)." Id. § 201.091(c) (emphasis added).[6] In turn, an "individual is totally unemployed in a benefit period during which the individual does not perform services for wages in excess of the greater of: (1) $5; or (2) 25 percent of the benefit amount." Id. § 201.091(a). And an "individual is partially unemployed in a benefit period of less than full-time work if the individual's wages ... are less than the sum of: (1) the benefit amount the individual would be entitled to receive if the individual was totally unemployed; and (2) the greater of: (A) $5; or (B) 25 percent of the benefit amount." Id. § 201.091(b). We cannot agree with the County's argument that the Act does not define "unemployed" in the face of straightforward language to the contrary. Pursuant to these provisions, *495 an individual qualifies as "unemployed" so long as her wages are low enough.[7] Nothing in these definitions contemplates a formal severance of the employer-employee relationship. Thus, we may not utilize the common, ordinary meaning of "unemployed" because the Act clearly assigns it a different meaning. See TGS-NOPEC Geophysical Co. , 340 S.W.3d at 439.
The County argues that this interpretation results from improperly reading section 201.091 in isolation rather than viewing the Act as a whole. The County notes that section 207.045 allows an individual to voluntarily leave her employment due to a medically verified illness without being disqualified from unemployment benefits. TEX. LAB. CODE § 207.045(d). The County goes on to argue that allowing an individual to apply for FMLA leave, rather than to voluntarily leave her employment, and still seek unemployment benefits renders section 207.045 meaningless. We disagree. An individual who qualifies as "unemployed" but leaves work voluntarily is generally disqualified from benefits, but she is not so disqualified if she "left work because of ... a medically verified illness." Id. § 207.045(a), (d). Whether an individual formally quits her job for medical reasons or goes on medical leave, section 207.045(d) ensures that she is not disqualified from benefits if she otherwise meets the Act's requirements.
By contrast, the County's interpretation of the Act to require formal separation of employment as a prerequisite to unemployed status renders at least one provision meaningless. Subsection 201.091(d) explains that, notwithstanding the general definition of "partially unemployed" in subsection (b), "an individual is not partially unemployed for purposes of this subtitle for a benefit period in which the individual's working hours are reduced by the individual's employer as a result of misconduct connected with the work on the part of the individual." Id. § 207.091(d). An employer's reason for reducing an individual's hours is relevant precisely because it affects whether an individual is considered unemployed; if a severance of the employer-employee relationship is required, this provision serves no purpose.
In sum, we hold that, under the Unemployment Act's plain language, an individual who does not perform services for wages during a benefit period is "unemployed" and is not disqualified from receiving benefits solely because she is on FMLA leave. We therefore turn our attention to the court of appeals' conclusion that this interpretation yields an absurd result.
B. Absurd Result
As noted, we may disregard a statute's unambiguous language only if it produces an absurd result. Combs v. Health Care Servs. Corp. , 401 S.W.3d 623, 629 (Tex. 2013). In Combs , we explained that the "absurdity doctrine" is "reserved for truly exceptional cases" involving "patently nonsensical results." Id. at 630 (noting that "mere oddity does not equal absurdity"). The court of appeals held that allowing an individual to receive both FMLA protection and unemployment benefits at the same time "would be absurd" because
the federal and state statutes generally apply to distinct groups of people: those who cannot perform existing jobs on a temporary basis, desire to return to those jobs, and need protection for the jobs until the reason for leave resolves *496 (FMLA) as opposed to those who desire new jobs and are ready and willing to perform them and need temporary income benefits in the meantime (unemployment under the labor code).
507 S.W.3d at 927-28.
The court of appeals' absurdity analysis is premature. This case simply does not require us to decide whether the law entitles an individual to receive unemployment benefits while on FMLA leave. Rather, our holding today extends only to whether an individual on unpaid FMLA leave fits within the Unemployment Act's definition of the term "unemployed." And under the Act's multipronged structure, categorizing an individual on FMLA leave as "unemployed" does not entitle her to unemployment benefits because eligibility for benefits requires meeting several additional criteria. As noted above, these criteria include, among others, the ability to work, the availability for work, and an active search for work. See TEX. LAB. CODE § 207.021(a)(3)-(5). The Legislature's decision to expansively define "unemployed" means only that White and others who qualify as such have the opportunity to demonstrate eligibility under these other criteria. Whether those criteria have been satisfied in this or any other case involving an individual on FMLA leave is not a question this appeal presents.
Even assuming that an individual typically will not simultaneously qualify for FMLA leave and meet the Act's eligibility requirements for unemployment benefits, we cannot say that the Legislature's choice to allow an individual on FMLA leave to proceed to the eligibility phase of the unemployment-benefits application process amounts to an absurd result. See Combs , 401 S.W.3d at 630 (noting that "the bar for reworking the words our Legislature passed into law is high, and should be"). We reiterate that in this case, White's eligibility for benefits in any particular benefit period is not before us, and we express no opinion on that issue.
C. Reimbursement by the County
In its petition for judicial review of the Commission's decision and motion for summary judgment, the County also challenged the Commission's conclusion that the Commission would bill the County for benefits paid to White. The County is classified as a "reimbursing employer" under the Unemployment Act, meaning it does not make regular contributions to the Commission for unemployment payments but generally must reimburse the Commission for benefits properly paid to County employees. See TEX. LAB. CODE §§ 204.002 (generally requiring employers to pay contributions to the Commission on employment wages), 205.001(a) (allowing political subdivisions to elect to pay reimbursements for unemployment benefits instead of contributions), 205.013(a) (describing the amount a reimbursing employer must pay to the Commission for benefits paid to an employee). The County argued in the trial court that requiring such reimbursement is improper where benefits are paid to an employee who left work due to a medically verified illness.
The County did not reassert this argument in the court of appeals or in this Court. In the trial court, the County relied on section 204.022, which excludes certain benefits from being charged to the accounts of employers who make contributions. See id. § 204.022(a)(5). But the Act expressly states that subchapter B of chapter 204, which contains section 204.022, does not apply to a reimbursing employer. Id. § 205.011(a)(2). We find no similar exception applicable to reimbursing employers. Thus, to the extent the County challenges the Commission's decision on *497 this basis, we see no merit to such a challenge.
IV. Conclusion
We hold that the Unemployment Act expressly and unambiguously defines "unemployed" in a manner that does not require severance of the employer-employee relationship. We further hold that an individual on unpaid medical leave, even if protected under the FMLA, satisfies the Act's definition of unemployed and may qualify for unemployment benefits if she meets the Act's eligibility requirements. Accordingly, we hold that substantial evidence supports the Commission's decision. We reverse the court of appeals' judgment and render judgment for the Commission.

Some uncertainty exists as to when White was medically cleared to return to work. The County maintains that she was not cleared until November 4, the day she returned to work for the County in a new position.

Ultimately, judicial review of a final Commission decision is based on the substantial-evidence rule. Tex. Lab. Code § 212.202(a). The party seeking to set aside the Commission's decision has the burden of showing it was not supported by substantial evidence. Mercer v. Ross , 701 S.W.2d 830, 831 (Tex. 1986). The trial court may set aside the decision if the court finds it was "made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious." Id. This includes the Commission's application of an incorrect legal standard. Id.

A "benefit period" consists of "the seven consecutive calendar days ending at midnight on Saturday." Tex. Lab. Code § 201.011(4).

The County noted at oral argument that White ultimately received approximately $1,200 in unemployment benefits, but that fact is not in the record.

At oral argument, the County maintained that it properly challenged White's eligibility for benefits in the trial court, but it conceded that it does not do so on appeal.

This subsection was added in 1995. Act of May 1, 1995, 74th Leg., R.S., ch. 76, § 9.26, 1995 Tex. Gen. Laws 458, 648 (codified at Tex. Lab. Code § 201.091(c) ). It therefore was not in the version of the Act in effect when the court of appeals held in Texas Employment Commission v. Southside Independent School District that the Act did not define the term unemployed. 775 S.W.2d 733, 735 (Tex. App.-San Antonio 1989, writ denied).

Subsection 201.091(e) provides one exception, stating that "an individual is not considered unemployed and is not eligible to receive benefits for any benefit period during which the individual works the individual's customary full-time hours, regardless of the amount of wages the individual earns during the benefit period." Tex. Lab. Code § 201.091(e).