

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00204-CV

UNITED FIRE & CASUALTY COMPANY, APPELLANT

V.

GOSSETTS, INC., APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 104,412-B, Honorable John B. Board, Presiding

June 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

United Fire & Casualty Company (United Fire) appeals from the trial court's summary judgment granted in favor of Gossetts, Inc. (Gossetts). The suit arose from a dispute regarding payment for loss allegedly caused by a May 2013 hailstorm. The loss encompassed damage to the roof of a building that Gossetts owned. United Fire questioned whether the storm caused any damage to the roof, but upon reserving that position, it agreed to submit the claim to appraisal in accordance with the terms of the insurance policy. Appraisers were selected, as was an umpire. The latter subsequently

issued an appraisal award in the approximate amount of $212,000, to which award Gossetts' appraiser agreed. As this process was occurring, so too was litigation initiated by Gossetts against United Fire. The former had sued the latter, averring causes of action arising from the common law and statute and pertaining to United Fire's failure to pay the insurance claim. United Fire would eventually counterclaim for a declaratory judgment negating the appraisal due to various purported errors in the appraisal process. The validity of the appraisal award underlies this appeal.

The litigants each filed motions for summary judgment. The partial motion of Gossetts sought recovery based on the appraisal award and the failure to promptly pay it. Those of United Fire (i.e., both a traditional and a no-evidence motion) sought to nullify the appraisal and negate liability for the breach of contract and statutory claims asserted by Gossetts. The trial court denied the motions of United Fire but granted that of Gossetts. So too did it enter judgment awarding Gossetts damages equal to the appraisal award, statutory penalties for United Fire's failure to promptly pay the award, and attorney's fees. The remaining statutory claims of Gossetts were then severed, resulting in the summary judgment becoming final and appealable.

Through eight issues, United Fire continues its effort to negate the appraisal award and thereby reverse the trial court's judgment. We find one such issue dispositive of the appeal and address it. The issue concerns whether the appraisal award resulted from mistake. Concluding that it did, we reverse.

*Mistake*

According to United Fire, a mistake occurred when the appraisal award incorporated damages to a portion of the roof owned by a third-party. The third-party was not an insured under the policy. We sustain the issue.

Appraisal awards made per the terms of an insurance policy are binding and enforceable. *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 264 (Tex. App.—San Antonio 2016, pet. denied). Yet, they may be vacated, though the grounds upon which they can are few. One such ground is mistake. *Abdalla v. Farmers Ins. Exch.*, No. 07-17-00020-CV, 2018 Tex. App. LEXIS 3358, at *3 (Tex. App.—Amarillo May 14, 2018, no pet.) (mem. op.); *Providence Washington Ins. Co. v. Farmers Elevator Co.*, 141 S.W.2d 1024, 1026 (Tex. Civ. App.—Amarillo 1940, no writ) (stating that "it is well settled that a court will not substitute its judgment for that of the appraisers in the absence of a showing that the award was induced by fraud, accident, mistake or some circumstance which would render it unjust and unfair to one or both of the interested parties").

Mistake applies when evidence establishes that the appraisers operated under a mistake of fact resulting in an unintended award. *Abdalla*, 2018 Tex. App. LEXIS 3358, at *3; *Providence Washington Ins. Co.*, 141 S.W.2d at 1026-27. Furthermore, a court begins its assessment of one's claim of mistake by presuming that the appraisal is legitimate. *See Providence Washington Ins. Co.,* 141 S.W.2d at 1027 (stating that "[e]very presumption will be indulged in [the award's] favor unless contradicted by proof"). So, the burden lies with the party attempting to avoid the award to prove mistake. *Garcia*, 514 S.W.3d at 265; *Barnes v. Western Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Fort Worth 1992, writ dism'd by agr.). Circumstances found to be outside the

3

umbrella of mistake, though, are situations where 1) an appraiser disagrees with an umpire's decision, 2) an aspect of damage is omitted from an appraisal, or 3) appraisers disagree about the extent of the loss. *Abdalla*, 2018 Tex. App. LEXIS 3358, at *3-5. Having said this, we turn to the record before us.

According to United Fire, the award included purported loss to property which Gossetts did not own. To support its contention, the insurer appended to its traditional motion for summary judgment evidence of a common roof covering what is known as the Duniven Building. That building straddled two lots, apparently. Gossetts owned one lot while a separate entity (Gaut) owned the other part. Other evidence illustrated that 1) the Gossetts' appraiser (Owens) included in his loss estimate the entire Duniven building roof, including the portion over that part of the edifice owned by Gaut, 2) Owens did not know that Gossetts failed to own the entire structure, 3) Owens would have excluded the unowned portion of the roof from his estimate had he known it to be unowned by Gossetts, 4) Gaut or its predecessor in title repaired the portion of the Duniven roof it owned after the hailstorm, 5) the umpire reviewed and relied upon the Owens appraisal in deriving his loss calculations, 6) the umpire also lacked knowledge about Gossetts owning less than all of the Duniven roof, 7) the umpire agreed that his award "would be off by that amount of square footage" (of the unowned roof) improperly included in the square footage calculation, and 8) the umpire represented that his replacement cost value estimate "on the roof" could not be recalculated since his "exact calculations" failed to show how "the sausage" was made.

The foregoing, and uncontested, evidence provides basis upon which a fact-finder could only reasonably infer the presence of a mistake of fact resulting in an unintended

4

award. No doubt, the umpire and appraiser had the task of calculating the loss. *Hall v. Germania Farm Mut. Ins. Ass'n*, No. 07-16-00304-CV, 2017 Tex. App. LEXIS 9654, at *7 (Tex. App.—Amarillo Oct. 13, 2017, no pet.) (mem. op.) (noting that the effect of an appraisal award estops one party from contesting the issue of damages while leaving open the question of liability). So, they obviously intended to calculate the cost of repairing or replacing property covered by the policy and owned by the insured. Their calculation exceeded that purpose and intent due to their mistaken inclusion into their calculations the cost of repairing or replacing property that the insured did not own and that fell outside policy coverage.

Gossetts argues that the mistake is inconsequential which, in its estimation, would render the matter irrelevant. Yet, the authority we cited above did not incorporate into the mistake equation an element of severity or harm attributable to the mistake. And, to the extent that some *de minimus* mistake would fall outside the doctrine's scope, the umpire at bar agreed, while being deposed, that his estimate "on the roof" could not be recalculated since the award did not evince how the "sausage" was made. That umpire did not testify, nor did the record contain evidence, that the effect of the mistake was miniscule. Indeed, pictures of the area in question after being repaired by the actual owner dispel the notion that the mistake had little to no consequence on the final award. The sum attributable to repairing the unowned portion may be small in relationship to the cost of repairing the rest of the roof, but certainly one could not reasonably attribute the cost to be non-existent or de *minimis* given the evidence of record.

In short, the uncontested summary judgment evidence established, as a matter of law, the existence of mistake. When reviewing decisions regarding cross-motions for

summary judgment, we consider the evidence presented by each movant, determine all questions presented, and, if the court erred, render the judgment the trial court should have rendered. *Tex. Workforce Comm'n v. Wichita Cty,* 548 S.W.3d 489, 492 (Tex. 2018). The judgment the trial court should have entered was one granting United Fire's traditional motion and vacating the appraisal award due to mistake. And, because the judgment actually entered and awarding damages to Gossetts was dependent upon the existence of a viable appraisal award, the judgment must be reversed.

*No-Evidence Motion*

The foregoing decision would effectively dispose of the appeal. Yet, because United Fire also moved for a no-evidence summary judgment, authority obligates us to consider aspects of it as well. Indeed, that should have been the first matter we considered, according to precedent. *See KMS Retail Rowlett, LP v. City of Rowlett*, __ S.W.3d __, __, 2019 Tex. LEXIS 463, at *10 (Tex. May 17, 2019) (stating that "when parties move for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion").

The three grounds mentioned in United Fire's no-evidence motion concerned the causes of action founded upon breached contract and the violation of Texas Insurance Code provisions involving misrepresentation. As previously mentioned, the latter claims were severed from the former into a separate suit; they are not part of this appeal. Thus, we address only the argument pertaining to the breached contract claim.

Per the argument, United Fire alleged that Gossetts had no evidence that hail from the May 2013 storm in question damaged the roof. Our review of the summary judgment record uncovered such evidence within the deposition of Owens. He testified that both

he and the appraiser for United Fire discovered hail damage. *See Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex. 2004) (stating that a question of material fact arises and precludes summary judgment if more than a scintilla of evidence establishing the existence of the challenged element is provided). Consequently, the trial court did not err in denying this ground of the no-evidence motion.

The final judgment is reversed, and the cause is remanded to the trial court for further proceedings.


Brian Quinn
Chief Justice