

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00111-CV

Reginald **WILDER** II,
Appellant

v.

**TEXAS WORKFORCE COMMISSION**,
Appellee

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: March 16, 2022

DISMISSED FOR WANT OF JURISDICTION

In this attempted appeal from the Texas Workforce Commission's denial of Appellant's motion for rehearing of his allegedly wrongful termination complaint, we have no authority to directly review the Commission's decision. Thus, we dismiss this appeal for want of jurisdiction.

### BACKGROUND

On January 25, 2022, the Texas Workforce Commission sent Appellant Reginald Wilder II its "Findings and Decisions of Commission Upon Review of Claim for Benefits." In its decision, the Commission denied Wilder's motion for rehearing in case number 2470474-3, in which Wilder was seeking relief from his allegedly wrongful termination.

On February 22, 2022, Wilder, representing himself, filed in this court a notice of appeal. The notice states that Appellant is "filing a review for TWC Case # 2470[4]74-3 with the 4th District court of appeals."

In our March 1, 2022 order, we advised Wilder that "[a] party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission." TEX. LABOR CODE ANN. § 212.201; *see Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 928 (Tex. App.—Dallas 2013, no pet.). "Judicial review . . . is by trial de novo based on the substantial evidence rule." TEX. LABOR CODE ANN. § 212.202; *see Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 n.2 (Tex. 2018) (recognizing that the trial court conducts the trial de novo).

We further advised Wilder that "[f]rom the limited record before us, it does not appear [he] is seeking to appeal from a trial de novo in the district court, *contra* TEX. LABOR CODE ANN. §§ 212.201, .202, and this court is not a court of competent jurisdiction for a trial de novo, *see Wichita Cty.*, 548 S.W.3d at 492 n.2."

We ordered Wilder to show cause in writing why this appeal should not be dismissed for want of jurisdiction.

Wilder timely filed a response. In it, he related some of the merits of his underlying case, and he explained that "[t]he identified information and factors justifies [his] right to appeal under the identified case."

## NO SUBJECT MATTER JURISDICTION

As a threshold question, we must determine whether we have appellate jurisdiction to directly review a decision from the Texas Workforce Commission. The Texas Workforce Commission, one of the State's commissions, is a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001; *Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 928 (Tex. App.—Dallas 2013,

no pet.) (recognizing that TWC is a governmental entity). As such, the commission inherits sovereign immunity, and the commission is immune from suit unless that immunity is expressly waived by the legislature. *See Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). *See generally Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002).

Section 212.201 of the Texas Labor Code waives the Commission's immunity from suit, and the statute authorizes judicial review of a Commission's decision. TEX. LABOR CODE ANN. § 212.201(a); *Tex. Workforce Comm'n v. Campos*, No. 04-04-00650-CV, 2005 WL 1552674, at *2 (Tex. App.—San Antonio July 6, 2005, no pet.) (mem. op.). This "[j]udicial review of a TWC decision . . . is by trial de novo in which the trial court determines whether substantial evidence supports the TWC's ruling." *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.) (citing TEX. LABOR CODE ANN. § 212.202(a)); *accord Kaup v. Tex. Workforce Comm'n*, 456 S.W.3d 289, 294 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Although Wilder seems to be asking this court to direct the Commission to reevaluate his case, he has not shown how we have the authority to do so, and the Labor Code limits initial judicial review of a Commission's decision to trial de novo under a substantial evidence standard. *See* TEX. LABOR CODE ANN. §§ 212.201, .202; *Wichita Cty.*, 548 S.W.3d at 492 n.2; *Spicer*, 430 S.W.3d at 532; *Campos*, 2005 WL 1552674, at *2.

## CONCLUSION

The legislature has authorized initial judicial review of a Texas Workforce Commission decision by trial de novo, not by direct review in a court of appeals. Accordingly, we lack appellate jurisdiction in this appeal, and we necessarily dismiss this appeal for want of jurisdiction.

PER CURIAM