# NO. 12-23-00180-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KELVIN RICH,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *TEXAS WORKFORCE* |
| *TEXAS WORKFORCE COMMISSION,*<br>*APPELLEE* | § | *COMMISSION* |

## MEMORANDUM OPINION
### PER CURIAM

On July 11, 2023, Kelvin Rich filed a pro se notice of appeal seeking reversal of a decision by the Texas Workforce Commission (TWC). On July 13, the Clerk of this Court notified Appellant that his notice of appeal failed to show this Court's jurisdiction, i.e., the TWC rendered the decision, and pursuant to Chapter 212 of the Texas Labor Code, this Court does not have jurisdiction of the appeal. The notice further advised that the appeal would be dismissed on or before July 24, unless the information was amended to show this Court's jurisdiction. Appellant filed an amended notice of appeal, which still fails to establish this Court's jurisdiction.

A party aggrieved by a final decision of the TWC may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the fourteenth day after that date. TEX. LABOR CODE ANN. § 212.201(a) (West 2015). Judicial review is by trial de novo "in which the *trial court* determines whether substantial evidence supports the TWC's ruling." *Id*. § 212.202(a) (West 2015); *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.) (emphasis added); *see Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). "The legislature has authorized initial judicial review of a Texas Workforce Commission decision by trial de novo, not by direct

1

review in a court of appeals." ***Wilder v. Tex. Workforce Comm'n***, No. 04-22-00111-CV, 2022 WL 789336, at *2 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (per curiam) (mem. op.); *see **Tex. Workforce Comm'n v. Wichita Cty.**,* 548 S.W.3d 489, 492, n.2 (Tex. 2018) (noting that judicial review of a final TWC decision is based on substantial evidence rule and trial court may set aside decision if it was made without regard to law or facts and, therefore, unreasonable, arbitrary, or capricious).

Because this Court is not the proper forum for seeking a trial de novo of the TWC's decision, we ***dismiss*** the appeal for ***want of jurisdiction***. *See **Wilder**,* 2022 WL 789336, at *2 (dismissing appeal from TWC decision for want of jurisdiction).

Opinion delivered August 9, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2023**

**NO. 12-23-00180-CV**

**KELVIN RICH,**
Appellant
V.
**TEXAS WORKFORCE COMMISSION,**
Appellee

Appeal from the Texas Workforce Commision

(Tr.Ct.No. TWC-3057987-3)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*