**Reversed and Remanded and Memorandum Majority and Dissenting Opinions filed November 14, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00363-CV

---

### GLENN E. GALLOWAY, SPENCER MOORE, BRANDY KAY PARKER-SUOMINEN, JACKIE MOORE, WANDA MOORE BAPTISTA, JACKIE MOORE, JR., AND JOHNATHAN MOORE, Appellants

### V.

### WELLS FARGO BANK, N.A., ON BEHALF OF REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I, LLC, ASSET BACKED CERTIFICATES, SERIES 2007-AC6, BY AND THROUGH ITS MORTGAGE SERVICER, SELECT PORTFOLIO SERVICING, INC., Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2019-10729**

---

### MEMORANDUM  MAJORITY OPINION

Appellants, Glenn E. Galloway, Spencer Moore, Brandy Kay Parker-Suominen, Jackie Moore, Wanda Moore Baptista, Jackie Moore, Jr., and Johnathan

Moore, appeal the grant of a summary judgment in favor of Appellee, Wells Fargo Bank, N.A, on behalf of the Registered Holders of Bear Stearns Asset Backed Securities I, LLC, Asset Backed Certificates, Series 2007-AC6, by and through its Mortgage Servicer, Select Portfolio Servicing, Inc. Appellants contend the trial court erred in (1) granting summary judgment because Appellee's claims are barred by the statute of limitations; and (2) "admitting or considering" two notice letters "in its decision to grant Appellee's" motion for summary judgment. We reverse and remand.

## BACKGROUND

In May 2007, Sherry Moore Parker ("Borrower") signed a Texas Home Equity Note ("Note") in the original principal amount of $780,000.00 made payable to lender Bear Stearns Residential Mortgage Corporation. The Note was secured by real property located at 1226 Parkerhaven Court, Houston, Texas 77008 ("Property") as shown in the Texas Home Equity Security Instrument ("Deed of Trust"). The Deed of Trust was signed by Borrower and her husband, Glenn Galloway in May 2007. A few days later, Bear Stearns assigned the Note and Deed of Trust to Appellee, Wells Fargo Bank.

On June 10, 2009, Appellee sent a Notice of Acceleration to Borrower at the Property's address. On September 21, 2009, Appellee filed an Application for Court Order Allowing Foreclosure of Lien Under Tex. Const. Art. XVI, Section 50(a)(6)(D) in Harris county district court. In its Affidavit in Support of Application for Court Order Allowing Foreclosure, Appellee stated that (1) Borrower had been in default on her loan payments since April 1, 2008, and (2) Appellee had sent its Notice of Acceleration to Borrower on June 10, 2009. Borrower died on April 25, 2010. After Appellee filed a motion to nonsuit the foreclosure case, the trial court granted Appellee's motion and signed an order of

2

nonsuit in June 2010.

Appellee alleged it sent an Acceleration Warning – Notice of Intent to Foreclose ("Notice Letter") to Borrower at the Property's address on August 5, 2010, asking only for the past-due amounts and fees Borrower owed. In February 2011, Appellee filed an Application for Letters of Administration in a Harris county probate court, requesting a dependent administration of Borrower's estate. Nine months later, the probate court signed an order granting letters testamentary and appointed a dependent administrator of Borrower's estate. Appellee alleged it sent another Acceleration Warning – Notice of Intent to Foreclose ("Notice Letter") to Borrower at the Property's address on September 11, 2012, again asking only for the past-due amounts and fees Borrower owed. In August 2013, Appellee appointed (through its master servicer) Select Portfolio Servicing, Inc. ("SPS") as sub-servicer and attorney-in-fact "in connection with all mortgage or other loans serviced."

After the dependent administrator filed an application to abandon the Property, the probate court found the Property "shall be considered worthless and abandoned" and signed an Order of Abandonment in April 2016. Upon the dependent administrator's application, the probate court signed an Order closing Estate and Discharging Administrator in February 2017. In March 2018, Appellee filed an application for an expedited foreclosure against Borrower and Galloway. In December 2018, Appellee nonsuited the action.

In January 2019, SPS, acting as Appellee's mortgage loan servicer, sent a Demand Letter – Notice of Default to the Property address. On February 12, 2019, Appellee filed suit against Borrower's unknown heirs seeking a declaratory judgment "that declares its interest in the real property at issue herein is superior to that of any defendants" and that it may proceed with non-judicial foreclosure.

In September 2019, Appellee filed a first amended petition naming Borrower's heirs as defendants: Glenn Galloway, Spencer Moore, Brandy Kay Parker-Suominen, Jackie Moore, Wanda Moore Baptista, Jackie Moore, Jr., Johnathan Moore, and Deborah Moore Cervenka. Appellee asked, among other things, for a declaratory judgment that (1) the loan has been breached; (2) Appellee may for such breach "proceed with a non-judicial foreclosure sale of the Property under the terms of the Texas Property Code and the Security Instrument to enforce its herein described liens against the Property"; (3) all heirs of Borrower have been made a party to the this suit; and (4) the foreclosure sought by Appellee divests all Borrower's heirs of any right and interest in the Property.

Defendants filed their respective answers.[1] Appellee filed a motion for traditional summary judgment in November 2022. Appellee filed an amended motion for traditional summary judgment on January 9, 2023, arguing it is entitled to a declaratory judgment authorizing it to exercise its contractual and state law remedies granted to it under the Note and Deed of Trust as a matter of law because it conclusively established it has a valid and enforceable lien against the Property, its interest is superior to that of any defendants, and it is entitled to foreclose on the Property via a non-judicial sale. In that regard, Appellee asserted "there are no genuine issues of material fact because:" (1) the Deed of Trust and Note executed by Borrower grant a lien against the Property; (2) Appellee is the owner and holder of the Note and Deed of Trust; (3) Borrower defaulted on the Note; (4) "Notices of Default regarding the Note were sent to the Borrower on August 5, 2010,

---

[1] Deborah Moore Cervenka is the only defendant who did not file an answer or otherwise appear in this case. She is not a party in this appeal.

September 11, 2012, and January 24, 2019"; and (5) the Property was abandoned by the dependent administrator and has no equity.

In support of its motion, Appellee attached an affidavit from SPS's document control officer, in which she, among other things, averred that her "review of SPS's records reveals" that the Notice Letters were mailed to Borrower. She attached a copy of the Notice Letters to the affidavit. Two Notice Letters were not written on SPS letterhead; instead, the August 5, 2010 Notice Letter was written on "EMC Mortgage Corporation" letterhead and the September 11, 2012 Notice Letter was written on "Chase" letterhead. Only a January 24, 2019 Notice Letter was written on SPS letterhead and had USPS tracking information attached to it, showing the Notice Letter had been mailed in Utah and had arrived in Houston.[2]

On January 23, 2023, Appellants filed Defendants' Objections and Response in Opposition to Plaintiff's Motion for Summary Judgment. Appellants objected to Appellee's exhibits, arguing they "should be excluded from evidence, are unsupported and/or lack foundation" because Appellee "offers the affidavit of an officer of Select Portfolio Servicing, Inc." who "bases her testimony primarily upon records maintained by other parties, including prior loan servicers" and who "states her only knowledge of the testimony is the records, including those of unknown third parties." According to Appellants, SPS's affidavit is based upon hearsay and is conclusory and speculative.

Additionally, Appellants argued that Appellee's claims are barred by the statute of limitations because (1) the "accrual date of statute of limitations of an accelerated foreclosure action is the date of acceleration and suit must be brought within four years of the accrual date"; (2) "failure to act within the four year

---

[2] Appellee also attached copies of other documents as exhibits to its motion.

5

limitation period for foreclosure results in the lien becoming void"; (3) Appellee accelerated the Note on June 10, 2009, and thereby triggered the limitations period; (4) "the four-year limitations period for [Appellee] to file suit" to enforce its note and lien would have expired on June 10, 2013, but since Borrower died in the interim, "the tolling period due to application of section 16.062 of the Civil Practices and Remedies Code would establish a limitations bar on December 6, 2014"; (5) Appellee failed to bring an accelerated foreclosure action within four years of the date of acceleration but filed suit in 2019 — several years after the statute of limitations expired.

On January 26, 2023, Appellee filed a reply to Appellants' response to its amended motion for summary judgment. It requested the trial court overrule Appellants' evidentiary objections because the statements contained in the affidavit are not hearsay. Appellee also contended that Appellants' "affirmative defense of statute of limitations fails" because Appellee abandoned the 2009 acceleration before the statute of limitations expired by sending Notice Letters to Borrower on August 5, 2010 and September 11, 2012, "demanding less than the full amount of debt" so that the "statute of limitations is governed by the Note's June 1, 2037 maturity date."

Appellants filed their sur-reply on January 30, 2023, arguing that (1) they objected to the two Notice Letters Appellee claimed are evidence of its abandonment of acceleration because the Notice Letters "are unsupported by the affiant"; (2) "no evidence is offered that these letters were ever sent"; and (3) without abandonment, the limitations period expired several years ago and Appellee's "claims are void."

That same day, the trial court held a hearing on Appellee's amended motion for summary judgment. Appellants argued that the statute of limitations ran in this

6

case because Appellee filed a Notice of Acceleration in 2009 but made no claims; and Appellee responded that it abandoned acceleration by sending the Notice Letters to Borrower. Appellants also stated that, in addition to their sur-reply, they filed a motion for traditional summary judgment,[3] contending any claim by Appellee is barred by the statute of limitations. The trial court instructed Appellants that their summary judgment motion "has got to get set 30 days before the trial setting." The record does not reflect that the motion was set for a hearing nor is there a ruling on the motion in the record.

After the hearing, the trial court signed a Final Judgment (1) granting Appellee's amended motion for summary judgment; (2) finding "the Note secured by the Deed of Trust executed by [Borrower] is in default and that Plaintiff is the beneficiary of the Note and Deed of Trust secured by the Property that made the basis of this lawsuit"; (3) finding "that all possible heirs of the [Borrower] holding any possible interest in the Property have been determined and named as a Defendant and there are no other heirs-at-law of [Borrower] not otherwise named a party to this suit"; (4) finding "that no personal liability of deficiency for the Note debt shall be asserted against the Defendants or the estate of the [Borrower] by Plaintiff"; (5) finding "that the Defendants and Unknown Defendant(s) are immediately divested of all of [Borrower]'s right, title, and interest in the real property"; (6) ordering "that this Final Judgment serves as an Order of Foreclosure that satisfies the requirements of Tex. R. Civ. P. 735 and authorizes Plaintiff . . . to exercise its contractual and state law remedies . . . which includes conducting a non-judicial foreclosure sale of the Property"; and (7) stating "that this Judgment is final, disposes of all claims and all parties, and is appealable. The court orders

---

[3] On the day of the hearing, Appellants filed a motion for traditional summary judgment asserting that any cause of action brought by Appellee was void and barred by the statute of limitations and that Appellee did not abandon the 2009 acceleration of the Note.

7

execution to issue for this judgment. Any relief not explicitly granted herein is DENIED."

On February 28, 2023, Appellants filed a Motion for New Trial and Reconsideration. In their motion, Appellants incorporated their summary judgment response and sur-reply. Appellants requested the trial court set aside its Final Judgment and reinstate the case on its docket, arguing, among other things, that (1) Appellee's claims are barred by the statute of limitations and void because Appellee accelerated the Note in 2009 and was required to bring a foreclosure action by 2014; and (2) Appellee's August 5, 2010 and September 2012 Notice Letters provided no notice as required to abandon acceleration because (a) Borrower was already deceased so the Notice Letters could not serve as notice, (b) the Notice Letters were sent to the Property address and not to Borrower's estate, (c) Appellee "has offered no proof that the letters it offers as evidence were actually sent," (d) Appellee "offers evidence of a general practice of [Appellee]'s prior agent, which amounts to speculation and hearsay."

Appellee filed Plaintiff's Objection and Response Opposing Motion for New Trial on March 27, 2023, arguing the trial court should deny the motion for new trial because (1) it already considered Appellants' statute of limitations arguments; (2) "[t]he multiple subsequent demand letters and actions after the 2009 acceleration letter were evidence properly considered by the Court regarding whether the 2009 acceleration was abandoned"; and (3) Appellee is entitled to summary judgment as a matter of law.

The trial court held a hearing on Appellants' motion for new trial on April 3, 2023. Appellants argued, among other things, that although Appellee claimed it sent post-acceleration Notice Letters to the Borrower on August 5, 2010 and September 11, 2012, "there is no real evidence that either one of those letters were

8

ever mailed." Appellee responded that its abandonment of the 2009 acceleration is established through its Notice Letters of August 5, 2010, September 11, 2012, and January 24, 2019, entitling it to summary judgment.

Stating that it considered Appellants' motion, Appellee's response, and arguments of the parties' counsel, the trial court signed an order denying Appellants' motion for new trial. Appellants filed a timely notice of appeal.

ANALYSIS

In two issues, Appellants challenge the grant of summary judgment. They contend the trial court erred in (1) granting Appellee's amended motion for summary judgment "with regard to Appellants' affirmative defense of limitations;" and (2) "admitting or considering Appellee's August 10, 2010, letter and September 11, 2012 letter in its decision."

## I. Standard of Review

We review the trial court's summary judgment *de novo*. *Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 717 (Tex. 2024); *Tex. Workforce Comm'n v. Wichita Cnty.*, 548 S.W.3d 489, 492 (Tex. 2018). Summary judgment is appropriate when there is no genuine issue of material fact and judgment should be granted in the movant's favor as a matter of law. *Malouf*, 694 S.W.3d at 717-18; *Wichita Cnty.*, 548 S.W.3d at 492. We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

In a traditional motion for summary judgment, the movant bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Universal MRI &*

*Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.] 2016, no pet.). When, as here, a plaintiff moves for summary judgment on its own claim, it must conclusively prove all elements of its cause of action. *Situ v. Inv. Art Mgmt., Inc.*, No. 14-23-00669-CV, 2024 WL 3765352, at *2 (Tex. App.—Houston [14th Dist.] Aug. 13, 2024, no pet. h.) (mem. op.); *Universal MRI & Diagnostics, Inc.*, 497 S.W.3d at 658. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017).

"The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999). Once a movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Situ*, 2024 WL 3765352, at *2. This shifting burden includes the obligation for a defendant to raise a genuine issue of material fact on each element of any affirmative defense that might have prevented the trial court from rendering judgment on the plaintiff's claim. *Id*.; *see also Nwokenkwo v. JP Morgan Chase Bank, N.A.*, No. 14-22-00001-CV, 2023 WL 3115697, at *11 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, pet. denied) (mem. op.) (citing *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)).

A plaintiff moving for summary judgment is not under any obligation to negate affirmative defenses. *Situ*, 2024 WL 3765352, at *2; *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 179 (Tex. App.—Houston [1st Dist.] 2018, no pet.). An affirmative defense prevents the granting of a summary judgment for the plaintiff on its own claim if each element of the affirmative

defense is supported by summary judgment evidence. *Situ*, 2024 WL 3765352, at *2; *Fortitude Energy, LLC*, 564 S.W.3d at 179. A party raising an affirmative defense in opposition to a summary judgment motion must either (1) present a disputed fact issue on the opposing party's failure to satisfy its own summary judgment burden of proof, or (2) establish the existence of a fact issue on each element of the affirmative defense. *Situ*, 2024 WL 3765352, at *2; *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 124 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

## II.    Statute of Limitations and Abandonment of Acceleration

Appellants contend that Appellee's cause of action is barred by the statute of limitations because it accelerated the Note but failed to seek a legal remedy within the applicable four-year limitations period and presented no evidence that it abandoned its acceleration. In that regard, Appellants assert (1) there is no dispute that Appellee sent a Notice of Acceleration to Borrower at the Property's address on June 10, 2009; (2) Appellee accelerated the Note when it sent the Notice of Acceleration; (3) when a home equity loan is accelerated, the accrual date of the statute of limitations is the date of acceleration and suit must be brought within four years of the accrual date; (4) limitations on the accelerated Note "would normally have expired" on June 10, 2103, but "due to the death of decedent and relevant tolling provisions due to application of section 16.062 of the Civil Practices and Remedies Code," limitations expired on December 6, 2014; (5) "Appellee took no action prior to December 6, 2014 to prevent the four-year limitation period from expiring"; (6) "Appellee's failure to act within four years of accelerating the note and lien caused the note and lien to become void"; (7) Appellee claimed that its August 5, 2010 and September 11, 2012 Notice Letters establish it abandoned acceleration of the Note, but Appellee presented no

11

evidence that the Notice Letters were actually mailed; (8) SPS's officer stated in her affidavit that, based on her review of SPS's records, the Notice Letters had been mailed to Borrower; however, the Notice Letters had not been mailed by SPS, had been written on Chase and EMC Mortgage Company letterhead, and she "did not testify regarding the mailing practices of either of those companies"; and (9) the August 10, 2010 and September 11, 2012 Notice Letters attached to SPS's officer's affidavit were inadmissible because the affidavit was based on hearsay and was speculative and conclusory.

### 1.      Governing Law

A secured lender must bring suit to foreclose on a real property lien "not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a); *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 632 (Tex. App.—Houston [14th Dist.] 2019, no pet.). As a general rule, the accrual date is the maturity date of the note, rather than the date of a borrower's default. *Citibank N.A. as Tr. for NRZ Pass-Through Tr. VI v. Pechua, Inc.*, 624 S.W.3d 633, 637 (Tex. App.—Houston [14th Dist.] 2021, pet. denied); *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(e). If, as here, the security instrument contains an optional acceleration clause, the cause of action accrues when the lender exercises its option to accelerate the maturity date of the note. *Swoboda*, 579 S.W.3d at 632; *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Effective acceleration requires both notice of intent to accelerate and notice of acceleration, and both notices must be clear and unequivocal. *Wolf*, 44 S.W.3d at 566.

Once a lender has accelerated the maturity date of the note, the lender can restore the original maturity date — and therefore reset the running of limitations — by abandoning the acceleration as though it never happened. *Pechua, Inc.*, 624

S.W.3d at 638; *Swoboda*, 579 S.W.3d at 632. Abandonment is based on the concept of waiver and requires proof that the party has an existing right, has actual knowledge of the right, and intends to relinquish the right or engages in intentional conduct inconsistent with the right. *Pechua, Inc.*, 624 S.W.3d at 638; *Swoboda*, 579 S.W.3d at 632. "Waiver is essentially unilateral in character and results as a legal consequence from some act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it." *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 485 (Tex. 2017) (internal quotations omitted); *Ankus, L.L.C. v. U.S. Bank Tr., Nat'l Ass'n*, No. 01-18-00777-CV, 2020 WL 4118025, at *3 (Tex. App.—Houston [1st Dist.] July 21, 2020, pet. denied) (mem. op.). "It 'can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right.'" *Ankus, L.L.C.*, 2020 WL 4118025, at *3 (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015)).

The best means of achieving an abandonment is through written notice of rescission, but that method is not exclusive. *DHI Holdings, LLP v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, No. 14-20-00319-CV, 2021 WL 5458851, at *3 (Tex. App.—Houston [14th Dist.] Nov. 23, 2021, pet. denied) (mem. op.); *Swoboda*, 579 S.W.3d at 633. For example, abandonment occurs when the borrower resumes making installment payments after an event of default and the lender accepts the payments without exacting any remedies available to it despite a previously declared acceleration. *Pechua, Inc.*, 624 S.W.3d at 638; *see Holy Cross*, 44 S.W.3d at 566-67. A lender can also establish abandonment of a previous acceleration by sending the borrower a notice of default that (1) demands payment of only the past due amounts and not the full accelerated amount; and (2) states that if the borrower fails to pay the demanded amount, then the maturity date

13

of the note will be accelerated. *Pechua, Inc.*, 624 S.W.3d at 641 (collecting cases). Whether a lender has abandoned an acceleration is generally a question of fact; however, when the facts are admitted or clearly established, abandonment may sometimes be determined as a matter of law. *Pechua, Inc.*, 624 S.W.3d at 638; *Swoboda*, 579 S.W.3d at 633.

## 2. Discussion

The evidence shows that Appellee accelerated the Note on June 10, 2009, and the parties do not dispute the acceleration. The main question thus is whether the evidence establishes as a matter of law that Appellee abandoned the 2009 acceleration and thereby reset the statute of limitations clock.

In response to Appellants' argument, Appellee contends it "conclusively established that any acceleration that occurred on June 10, 2009 had been abandoned or waived prior to June 10, 2013," so that it "was no longer required to exercise its foreclosure right within four years following June 10, 2009." Citing the August 5, 2010 and September 11, 2012 Notice Letters, Appellee claims "summary judgment evidence established that" these Notice Letters "were sent to the Borrower at the Property address in accordance with the terms of the Deed of Trust." Appellee further claims Appellants did not object to the content of the Notice Letter, "which clearly established abandonment," and the trial court properly considered the mailed Notice Letters because they constitute admissible and conclusive summary judgment evidence of abandonment.

However, assuming *arguendo* that Appellee's exhibits, including the copies of the two Notice Letters, were admissible as Appellee claims, the Notice Letters nonetheless do not establish abandonment of the 2009 acceleration because neither the Notice Letters themselves nor any other evidence in the record conclusively establishes that they "were sent to the Borrower at the Property address in

14

accordance with the terms of the Deed of Trust" as Appellee asserts. The Notice Letters without more do not show that Appellee in fact sent them in order to achieve abandonment of the 2009 acceleration. *See Sellers v. Foster*, 199 S.W.3d 385, 395 (Tex. App.—Fort Worth 2006, no pet.) ("the mere presence of the letter in the court's file is no evidence that it was mailed or received"); *see also Moore v. King*, No. 01-95-00561-CV, 1996 WL 67951, at *3 (Tex. App.—Houston [1st Dist.] Feb. 15, 1996, no writ) (per curiam) (not designated for publication) ("A letter, properly addressed, stamped and mailed, gives rise to a rebuttable presumption the letter was duly received by the addressee. . . . In the present case, the record contains no evidence the letters addressed to Moore were actually mailed to Moore.").

Additionally, SPS's officer's affidavit does not provide support either. With regard to the Notice Letters, SPS's officer stated in her affidavit:

> 10. My review of SPS's records reveals that a notice of default dated August 5, 2010 was mailed to the Borrower. A copy of the notice of default is attached hereto as Exhibit 1-E.
>
> 11. My review of SPS's records reveals that a notice of default dated September 11, 2012 was mailed to the Borrower. A copy of the notice of default is attached hereto as Exhibit 1-F.

But the officer's conclusory statement and a copy of the Notice Letters attached to her affidavit are not evidence that the Notice Letters actually have been sent over ten years earlier by Chase and EMC Mortgage Company. There is no evidence from Chase or EMC Mortgage Company that they mailed the Notice Letters nor is there any evidence regarding these two companies' mailing practices and procedures. SPS's officer's conclusory statements also stand in contrast to the statements she made regarding SPS's own mailing practices in support of her affirmation that SPS had sent the January 24, 2019 Notice Letter to Borrower at the Property's address:

12.     As an officer of SPS, I am personally familiar with SPS' standard mailing practices and procedures. SPS' standard mailing practices are designed to ensure that items are properly addressed and mailed.  Pursuant to SPS' standard mailing practices, notices of default are intended to ensure that items are properly addressed and mailed.  Pursuant to SPS' standard mailing practices, notices of default are posted, addressed, and delivered to the exclusive care of the United States Postal Service in a postage paid, properly addressed envelope on the date of the notice.  SPS does not upload copies of the notices of default into its imaging system until they are mailed.  The notice(s) of default are attached hereto as Exhibit 1-G.  Based upon SPS' standard mailing practices, as well as my review of the notice(s) of default, I can confirm that the notice(s) of default dated January 24, 2019 and attached hereto were sent to the Borrower at 1226 Parkerhaven Court, Houston, Texas 77008 by certified mail on that date.

Attached as Exhibit 1-G was the January 24, 2019 Notice Letter from SPS with a USPS certified mail number and the USPS tracking printout for the letter and corresponding number stating that it (1) arrived at the USPS regional facility in Salt Lake City, Utah at 6:30 p.m. on January 26, 2019, (2) departed the USPS regional facility in Salt Lake City, Utah at 12:33 a.m. on January 27, 2019, (3) arrived at the USPS regional facility at the North Houston, Texas Distribution Center at 12:57 p.m. on January 28, 2019, and (4) "is currently in transit to the destination."

Because there is no evidence that Appellee actually sent the August 5, 2010 and September 11, 2012 Notice Letters to accomplish abandonment of the 2009 acceleration prior to the expiration of the four-year statute of limitations, there is at least a fact issue on the issue of abandonment. *See Sellers*, 199 S.W.3d at 395; *see also Moore*, 1996 WL 67951, at *3.  Without evidence that Appellee achieved abandonment of acceleration and thereby reset the statute of limitations clock no longer requiring it "to exercise its foreclosure right within four years following

June 10, 2009,"[4] the trial court erred in granting Appellee's motion for summary judgment.

Accordingly, having concluded there is no evidence that abandonment of acceleration occurred in this case even if we assume for the sake of argument that the August 10, 2010 and September 11, 2012 Notice Letters were admissible, we sustain Appellants' issues.[5]

## CONCLUSION

We reverse the trial court's Final Judgment granting Appellee's amended motion for summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.

/s/    Meagan Hassan
Justice

Panel consists of Justices Wise, Spain, and Hassan. (Wise, J., dissenting)

---

[4] Appellee contended the limitations period expired four years following the June 10, 2009 acceleration. Appellants contended the statute of limitations expired on December 6, 2014.

[5] We respectfully disagree with our dissenting colleague. It is not sufficient to make a conclusory statement that the Notice Letters have been mailed without providing any basis for that statement except to point to the Notice Letters themselves, which do not prove they have been mailed. It is not a statement of fact to assert that Notice Letters have been sent (here, over ten years ago by Chase and EMC Mortgage Company) without any basis for such an assertion; a statement of fact simply cannot be without basis and support. In contrast to our dissenting colleague's cited authority, the affiant in the case before us did not identify the Notice Letters and state that she sent them. *See Sutton v. Sutton*, No. 14-20-00335-CV, 2021 WL 4999031, at *5 (Tex. App.—Houston [14th Dist.] Oct. 28, 2021, no pet.) (mem. op.) (affidavit testimony identifying two attached letters and stating that the affiant sent the letters was "not conclusory because it contains statements of fact").

17